[No. 12124.   Department One.   December 15, 1914.]

JOHN V. SCHATZ, *Respondent,* v. GEORGE HEIMBIGNER *et al., Appellants.*[1]

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS — EXCEPTIONS. Error in that there was no evidence to submit to the jury upon a certain issue, cannot be urged in the absence of exceptions to instructions to the jury submitting the issue.

Appeal from a judgment of the superior court for Lincoln county, McCroskey, J., entered November 8, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for money paid. Affirmed.

*W. M. Nevins* and *Merritt, Oswald & Merritt,* for appellants.

*H. N. Martin,* for respondent.

GOSE, J.—This action was brought to recover $942.64, an alleged overpayment upon a contract for the delivery of wheat. The defendants denied the allegations of the complaint in respect to the overpayment, and alleged affirmatively that all business dealings between plaintiff and the defendants had been settled and adjusted before the commencement of the action. This was put in issue by the reply. There was a verdict and judgment for the plaintiff for the full amount sued for. The defendants have appealed.

[1]Reported in 144 Pac. 901.

The appellants assign a single error, viz., that the court erred in overruling their motion for a new trial. The argument is "that there was nothing from which the jury could conclude that a settlement of the account was not had" prior to the commencement of the action. The court instructed the jury that the burden was upon the appellants to establish the fact of the settlement by a preponderance of the evidence. It also instructed the jury that, if it should find that there was a preponderance of the evidence to the effect that only a portion of the wheat contracted for was delivered to the respondent and that he paid to the appellants a larger sum of money than the contract value of the wheat delivered, the respondent was entitled to recover the difference between the contract value of the wheat delivered and the amount paid to the appellants. No error is assigned to the instructions. There is evidence which warranted the jury in concluding that there was an overpayment on the wheat actually delivered to the amount of the verdict and judgment. The error arose from the fact that the respondent assumed that wheat delivered by a cousin of the appellants for his own account had in fact been delivered for the account of the appellants.

It is argued that the respondent was guilty of laches; that there was an account stated, and that, because fraud was charged in the complaint, the law requires that it should have been established by clear and convincing evidence. These alleged errors are not available to the appellants, because they are at cross purposes with the instructions of the court to which no error has been assigned. There is but one question open to them; that is, Is there sufficient evidence to sustain the verdict under the instructions of the court? Respondent's testimony, as we have suggested, is to the effect that he overpaid the appellants for the wheat delivered under their contract upon a mistaken belief that wheat delivered by a third party for his own account had been delivered to apply

upon the appellants' contract.   We find no error in the record available under the assignment.

The judgment is affirmed.

CROW, C. J., CHADWICK, MORRIS, and PARKER, JJ., concur.