[No. 8647-2-I. Division One. March 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. MELVIN EUGENE MATHER, *Appellant.*

*Olwell, Boyle & Hattrup* and *Ned Olwell,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Margaret Doyle Fitzpatrick, Deputy,* for respondent.

RINGOLD, J.—Melvin E. Mather appeals a judgment and sentence entered upon his conviction at a bench trial of attempting to elude a pursuing police vehicle. RCW 46.61-.024. He contends that the statute defining the offense is unconstitutionally vague and overbroad. We hold that the statute is constitutional.

In King County at about 1 a.m. on December 3, 1979, Mather was driving southbound on Interstate 5 near the Albro freeway entrance. At this time Trooper Fry of the Washington State Patrol observed Mather traveling more than 85 miles per hour. After Mather entered an exit ramp by cutting in front of another vehicle, Trooper Fry activated his blue overhead lights and siren. Mather saw and heard these signals to stop but continued up the exit ramp, spun out, drove down the exit ramp in the wrong direction past Trooper Fry and continued driving southbound on Interstate 5. Trooper Fry pursued Mather at speeds exceeding 75 miles per hour. Mather took the exit ramp at SR 900, but immediately reentered southbound Interstate 5. He finally stopped his vehicle on the right side of the SR 181 exit ramp. The trial court found that Mather exhibited a wanton and wilful disregard for the lives or property of others and concluded he was guilty of the offense charged.

RCW 46.61.024 provides:

Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton

and wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.

This statute is presumed to be valid and will not be found to be unconstitutional unless the party asserting the challenge proves unconstitutionality beyond a reasonable doubt. *State v. Primeau*, 70 Wn.2d 109, 422 P.2d 302 (1966). A statute is unconstitutionally vague if it does not provide fair notice, measured by common practice and understanding, of the conduct that is prohibited. Fair notice exists where persons of reasonable understanding are not required to guess at the meaning of the statute. *State v. Carter*, 89 Wn.2d 236, 570 P.2d 1218 (1977). A statute is overbroad if it prohibits constitutionally protected behavior. *State v. Carter, supra; State v. Hood*, 24 Wn. App. 155, 600 P.2d 636 (1979).

Mather concedes there was sufficient evidence to support his conviction but he contends that RCW 46.61.024 contains three defects that render it vague and overbroad on its face.

Mather first argues that the statute is vague and overbroad because it does not require knowledge that the pursuing vehicle is a police vehicle. The statute, however, requires that the defendant wilfully fail and refuse to stop his vehicle while attempting to elude a pursuing police vehicle. Wilfulness in this context is identical with knowledge. *State v. Bauer*, 92 Wn.2d 162, 595 P.2d 544 (1979); *Tacoma v. Lewis*, 9 Wn. App. 421, 513 P.2d 85 (1973); RCW 9A.04.010(2); RCW 9A.08.010(4). Mather's contention is based upon an erroneous reading of the statute. A proper reading creates no problem of overbreadth or vagueness.

Second, Mather contends that the statute is vague and overbroad because it requires a defendant to immediately stop his vehicle. This contention is also based upon a mis-

reading of the statute. No crime is committed if a defendant merely fails to immediately stop his vehicle. He must also engage in conduct that indicates a wanton and wilful disregard for the life and property of others. Again, a proper reading of the statute presents no question of vagueness or overbreadth.

Mather's last argument is that the statute does not require the pursuing trooper to have probable cause to stop the defendant. This is the only contention by Mather that is based upon an accurate reading of the language of the statute, but it has no merit. There is no vagueness problem because the inclusion of such an element is not necessary to give the statute readily ascertainable standards of conduct. There is no overbreadth problem because RCW 46.61.024 is carefully worded to avoid punishing constitutionally protected behavior.

At common law there was no right to resist unlawful arrest by the use of unreasonable force. *State v. Rousseau,* 40 Wn.2d 92, 241 P.2d 447 (1952); *John Bad Elk v. United States,* 177 U.S. 529, 44 L. Ed. 874, 20 S. Ct. 729 (1900). RCW 46.61.024 is a "resisting arrest" statute that punishes conduct that indicates a wanton and wilful disregard for the life and property of others. Accordingly, it punishes unreasonable conduct in resisting law enforcement activities and does not punish constitutionally protected behavior. The constitutional right to be free from unreasonable searches and seizures does not create a constitutional right to react unreasonably to an illegal detention.[1] The police power, therefore, may lawfully extend to prohibiting flight from an unlawful detention where that flight indicates a wanton and wilful disregard for the life and property of others. *See State v. Hood, supra.* The statute is directed at unreasonable resistance to both legal and illegal detentions and is not overbroad.

We hold that RCW 46.61.024 provides fair notice of the

---

[1]Mather does not contend his detention was unlawful. We are not presented with any issue reviewing the suppression of evidence.

conduct that is prohibited and is carefully drafted to avoid punishment of constitutionally protected behavior. *State v. Carter, supra.*

The judgment of the trial court is affirmed.

ANDERSEN and DURHAM, JJ., concur.