[No. 6811-7-II.   Division Two.   November 30, 1984.]

THE STATE OF WASHINGTON, *Appellant*, v. MERVIN B. STAYTON, *Respondent*.

*C. Danny Clem, Prosecuting Attorney,* and *Anthony C. Otto, Deputy,* for appellant.

*Lynn S. Prunhuber* and *Terry W. Oostenbrug,* for re-spondent (appointed counsel for appeal).

PETRIE, J.—Plaintiff, State of Washington, appeals from an order granting defendant, Mervin B. Stayton, a new trial following his conviction by jury verdict of attempting to elude a pursuing police vehicle, RCW 46.61.024. Stayton does not cross–appeal from the trial court's denial of his alternative motion to arrest judgment. The only issue on appeal is the propriety of the "to convict" instruction given by the trial court to the jury. We hold, contrary to the trial court's post–trial determination, that the instruction properly stated the law.

We need not detail the facts other than to say that the jury could well have found beyond a reasonable doubt that the following facts occurred. On June 9, 1982, defendant drove a vehicle in Kitsap County at a high rate of speed. A uniformed police officer whose vehicle was appropriately marked as an official police vehicle was stationed by the side of the road. He signaled defendant to stop, defendant willfully failed to stop and, while attempting to elude a pursuing police vehicle, drove in a manner indicating a wanton and willful disregard for lives or property of others.

The statute, RCW 46.61.024, in effect on June 9, 1982, provided:

Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton

and[1] wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.

The instruction considered erroneous by the trial judge informed the jury:

To convict the defendant of the crime of attempting to elude a pursuing police vehicle, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 9th day of June, 1982, the defendant operated a motor vehicle;

(2) That the defendant was given a visual or audible signal to bring the vehicle to a stop by a uniformed police officer whose vehicle was appropriately marked showing it to be an official police vehicle;

(3) That the defendant willfully failed or refused to immediately bring his vehicle to a stop;

(4) That the defendant drove his vehicle in a manner indicating a wanton and willful disregard for the lives or property of others while attempting to elude a pursuing police vehicle;

(5) That the acts occurred in Kitsap County, Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

On defendant's motion for new trial, the trial court concluded that element (3) did not sufficiently set forth an

---

[1]Effective July 10, 1982, the statute was amended to change "wanton and wilful" to "wanton or wilful." Otherwise, the statute remained the same. Laws of 1982, 1st Ex. Sess., ch. 47, § 25. Later, in 1983, the statute was further amended to direct revocation of a driver's license upon conviction of this crime. Laws of 1983, ch. 80, § 1.

element of the crime because it did not require that defendant's willful failure to stop occurred while attempting to elude a pursuing police vehicle. The trial court was misled by a statement in *State v. Mather,* 28 Wn. App. 700, 626 P.2d 44 (1981). In *Mather* the defense contended that the statute was unconstitutionally vague and overbroad because it did not require knowledge that the pursuing vehicle was a police vehicle. Answering that contention, the *Mather* court declared:

> The statute, however, requires that the defendant wilfully fail and refuse to stop his vehicle while attempting to elude a pursuing police vehicle.

*Mather,* 28 Wn. App. at 702.

We do not subscribe totally to the court's statement in *Mather,* but we do agree with the *Mather* court's conclusion that one element of the statutory crime is *knowledge* that the pursuing vehicle is a police vehicle.

The statute can best be analyzed by examining its several elements in the chronological order in which they necessarily must occur. The first element is that a uniformed police officer whose vehicle is appropriately marked must give the potentially errant driver of a motor vehicle "a visual or audible signal to bring the vehicle to a stop . . ." Next, the driver must be a person who "wilfully fails or refuses to immediately bring his vehicle to a stop . . ." The willful failure to do so implies knowledge that a signal has been given. The third element is that, "while attempting to elude a pursuing police vehicle," the driver "drives his vehicle in a manner indicating a wanton and [or] wilful disregard for the lives or property of others . . ." All three elements must occur in sequence before the crime has been committed. *State v. Sherman,* 98 Wn.2d 53, 653 P.2d 612 (1982).

There can be no "attempt to elude" unless there is the prerequisite knowledge that there is "a pursuing police vehicle." There can be no willful failure to stop unless there is the prerequisite knowledge that a statutorily appropriate signal has been given by a statutorily appropriate police

officer. The statutorily appropriate signal *may but need not necessarily* be given by the officer while in a pursuing police vehicle. The signal may, as in the case at bench, be given by the officer stationed at the side of the road.

In short, we hold that the expression "while attempting to elude a pursuing police vehicle" modifies only the element that specifies the criminal manner of driving which ensues *after* the driver's willful failure to stop. The willful failure to stop factually may occur while attempting to elude the pursuing vehicle, but as a statutory prerequisite to commission of the crime it need only follow upon the officer's giving of the signal.

Judgment is reversed and the cause is remanded with direction to proceed to sentencing.

WORSWICK, A.C.J., and HICKS, J. Pro Tem., concur.

Reconsideration denied December 31, 1984.

Review denied by Supreme Court March 15, 1985.