[No. 6135–3–III.   Division Three.   March 12, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES
EMERSON BROWN, JR., *Appellant.*

*Alfred E. Kitching* and *Kayne & Kitching,* for appellant
(appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Paul Smith, Deputy,* for respondent.

THOMPSON, J.—Charles Emerson Brown, Jr., appeals his conviction of attempting to elude a police vehicle. We affirm.

On May 4, 1983, Spokane City Police Officers Eddie Quist and Sandra Brewer observed Mr. Brown driving a motorcycle on city streets. Officer Quist knew from prior police contacts with Mr. Brown that his driver's license had been revoked. The uniformed police officers pursued Mr. Brown in their marked police car using flashing lights and siren. During the brief chase, Mr. Brown accelerated to speeds of 80 m.p.h., and was taken into custody when he lost control of his motorcycle.

Pertinent to this appeal are the following dates and occurrences:

| | |
|---|---|
| May 5, 1983 | Preliminary appearance in district court. |
| May 12, 1983 | Complaint filed in district court. |
| June 8, 1983 | Information filed in superior court. |
| June 22, 1983 | Arraignment in superior court. |
| July 5, 1983 | Original trial date. |
| July 5, 1983 | Continuance granted. |
| July 11, 1983 | Continuance granted. |
| July 18, 1983 | Prosecutor requests continuance based on scheduling conflict. Continuance granted. |
| July 25, 1983 | Trial commenced. |
| July 26, 1983 | Jury verdict of guilty. |

On July 18 and July 25, Mr. Brown's counsel moved for dismissal of the charges for violation of CrR 3.3, the speedy trial rule. Prior to commencing trial on July 25, Mr. Brown, pro se, made a motion for a continuance, which was denied. The court also granted the State's motion to exclude defense witnesses who would testify to Mr. Brown's claimed harassment by the police.

Mr. Brown claims his right to a speedy trial was violated, and the defense witnesses' testimony was improperly excluded.

Mr. Brown, relying on *State v. Parmele,* 87 Wn.2d 139, 550 P.2d 536 (1976), contends computation for speedy trial purposes commenced on May 5, 1983, the date he made his preliminary appearance in district court. We disagree. *State v. Parmele, supra,* construed former CrR 3.3, and holds at page 142: "[a]n appearance in justice court pursuant to JCrR 2.03 triggers the time limits of CrR 3.3(b)".[1] However, the Supreme Court deleted CrR 3.3(b) when it amended CrR 3.3, effective August 1, 1980. *See* Amendment of Superior Court Criminal Rules, 93 Wn.2d 1122–24 (1980). "The 1980 amendment substantially revised the rule and now measures time for trial from the date of arraignment under CrR 3.3(c)." 4A L. Orland, Wash. Prac., *Rules Practice* § 6201, at 112 (3d ed. 1983).

CrR 3.3(c)(2) now provides the method for computing speedy trial time where cases are filed initially in district court:

> (ii) "Time elapsed in district court" means the following: If at the time a complaint is filed with the district court a defendant is detained in jail or subjected to conditions of release, time elapsed in district court *commences on the date the complaint is filed.* If at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint. Time elapsed in district court ends with the earlier of (a) an oral or written order of dismissal entered by the district court, or (b) the filing of an information or indictment in superior court. Time elapsed in district court does not

---

[1] CrR 3.3(b)(1) provided:

"The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court."

include time which was the subject of a stipulation entered into pursuant to JCrR 2.03(d)(3).

(Italics ours.) Applying this rule, Mr. Brown's speedy trial time commenced on May 12, 1983, when the complaint was filed in district court. Time elapsed in district court ended, according to CrR 3.3(c)(2)(ii) when the information was filed in superior court on June 8, 1983, a total of 28 days. CrR 3.3(c)(2)(ii) provides that a defendant must then be arraigned in superior court not later than 14 days after the filing of the petition. Accordingly, Mr. Brown was arraigned on June 22, 1983. The rule then explicitly states that a defendant "shall be brought to trial not later than 60 days after the date of arraignment, less time elapsed in district court." CrR 3.3(c)(2)(i). Thus, Mr. Brown's speedy trial term consisted of the 60 days following June 22, 1983, less the 28 days elapsed in district court. Technically, Mr. Brown's 60-day speedy trial time expired on July 24, 1983, 1 day before he was brought to trial.

However, CrR 3.3(d)(8) allows the court to grant a 5-day extension because of unavoidable or unforeseen circumstances unless the defendant will be substantially prejudiced in his defense. Such continuances are excluded in computing the time for trial. CrR 3.3(g)(3). Here, the court granted a continuance on July 18, 1983, because the prosecutor had a scheduling conflict which precluded his participation in Mr. Brown's trial on that date.

█ Generally, "[t]rial within 60 days is not a constitutional mandate" and a trial court's grant or denial of a motion for continuance will not be disturbed on appeal absent a showing of manifest abuse of discretion. *State v. Campbell,* 103 Wn.2d 1, 14, 15, 691 P.2d 929 (1984). *See also State v. Miles,* 77 Wn.2d 593, 597-98, 464 P.2d 723 (1970). Mr. Brown contends the prosecutor's unavailability for trial is akin to "docket congestion" which was held in *State v. Mack,* 89 Wn.2d 788, 794, 576 P.2d 44 (1978), not "'good cause' to warrant setting appellants' trials beyond the mandated 60 days." We disagree. A counsel's unavailability for trial may be an unforeseen and unavoidable cir-

cumstance beyond the court's control which justifies a continuance. *See State v. Palmer*, 38 Wn. App. 160, 162, 684 P.2d 787 (1984) (trial deputy's scheduling difficulties a proper basis for an extension); *State v. Eaves*, 39 Wn. App. 16, 20–21, 691 P.2d 245 (1984) (defense counsel's participation in another trial may justify an extension of the trial date beyond the speedy trial period). Since Mr. Brown has made no showing he was "substantially prejudiced" by the extension, we hold the trial court did not abuse its discretion by continuing the matter until both parties were available for trial.[2]

Next, Mr. Brown contends the trial court's exclusion of his evidence prevented him from presenting a defense. At the pretrial hearing, Mr. Brown argued that his defense consisted of testimony that in the past he had been systematically harassed by the police. Mr. Brown claims he was resisting what he believed to be an unlawful arrest, and was acting in self–defense by using a vehicle to flee from police abuse. The State, on the other hand, contends this evidence is irrelevant since it fails to either prove or disprove the elements of attempting to elude a police vehicle.

RCW 46.61.024 provides in pertinent part:

Attempting to elude pursuing police vehicle—License revocation. Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall

[2]The State also claims 90 days, rather than 60 days, is the proper time period since Mr. Brown was being held in jail on unrelated charges, and cites *State v. Brown*, 33 Wn. App. 843, 845, 658 P.2d 44, *review denied*, 99 Wn.2d 1012 (1983). Since we conclude Mr. Brown was afforded a speedy trial under the more stringent 60–day rule, we need not reach this issue.

be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.

The court granted the State's motion to exclude the witness testimony on the basis that previous harassment did not present a valid defense to the crime, and the court could not so instruct the jury.[3] The court's decision is consistent with *State v. Mather,* 28 Wn. App. 700, 626 P.2d 44 (1981) and *State v. Owens,* 39 Wn. App. 130, 692 P.2d 850 (1984). The *Mather* court concluded that RCW 46.61.024 is a "resisting arrest" statute which "punishes unreasonable conduct in resisting law enforcement activities and does not punish constitutionally protected behavior." *State v. Mather, supra* at 703. The *Owens* court determined that RCW 46.61.024 addresses a defendant's behavior once the police have initiated a stop. Thus, the legality or illegality of the stop is not at issue.

Felony flight requires either a willful or wanton disregard for the safety of others. *See State v. Parker,* 102 Wn.2d 161, 164, 683 P.2d 189 (1984) (construing former RCW 46.61.024 to require both a willful and wanton disregard). "The statute is absolutely clear that at the very least the manner in which one drives must indicate wanton [or] willful disregard." *State v. Sherman,* 98 Wn.2d 53, 58, 653 P.2d 612 (1982).

> The usual meaning assigned to "willful," "wanton," or "reckless," according to taste as to the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which thus is usually accompanied by a conscious indifference to the consequences. Since, however, it is almost never admitted, and can be proved only by the conduct and the circumstances, an objective standard must of necessity in practice be applied.

(Footnotes omitted.) W. Prosser & W. Keeton, *Torts* § 34, at 213 (5th ed. 1984). *See also* Restatement (Second) of

---

[3]The court did, however, instruct the jury on the lesser included offense of failure to obey an officer.

Torts § 500 (1965), and accompanying notes. The *Sherman* court noted that wanton or willful disregard "will only be established by circumstantial evidence of the way a defendant drives." *State v. Sherman, supra* at 58. Thus, a defendant may present evidence that he had a seizure while driving to rebut the circumstantial evidence of his wanton or willful disregard for others. *State v. Sherman, supra* at 59. *Accord, State v. Parker, supra* (holding a highly intoxicated driver may act without willful and wanton disregard so as to be entitled to a lesser included offense instruction on reckless driving). However, the *Owens* court noted that "a 50 m.p.h. race through town with disregard for five stop signs is not a normal and reasonable reaction to an illegal stop, but shows a complete wanton and willful disregard for the life and property of others." *State v. Owens, supra* at 135.

■ Mr. Brown's offer of proof through witness testimony was not directed toward rebutting the manner in which he drove or his attempt to elude the police, but was offered to show motive for his flight. Indeed, Mr. Brown admitted at trial that he drove in excess of the speed limit and that he ran a stop sign. Thus, even if Mr. Brown could establish that his flight from the police was motivated by a reasonable fear of physical abuse, he has still failed to rebut the evidence that he drove with a willful or wanton disregard for the life or property of others. The trial court properly excluded Mr. Brown's evidence.

■■ Finally, Mr. Brown contends RCW 46.61.024 is unconstitutional since it prohibits constitutionally protected behavior. As this is an overbreadth claim, Mr. Brown has standing to challenge the constitutionality of RCW 46.61.024 even though his conduct is within the "hard–core arena" (conduct the statute is clearly intended to proscribe). *See State v. Sherman, supra* at 56. Mr. Brown bases his claim on language in *State v. Rousseau,* 40 Wn.2d 92, 241 P.2d 447 (1952), that a defendant may flee from an illegal arrest. However, as in *State v. Rousseau, supra,* it is not Mr. Brown's flight but his willful or wanton disregard

for the lives or property of others that raises the question of whether he violated the statute. *See State v. Mather, supra* at 702, and *State v. Sherman, supra* at 59, wherein the statute withstood constitutional challenges. Furthermore, "[t]he modern trend has been toward requiring submission to a known peace officer, even when the arrest is unlawful, in the interest of keeping the peace." W. Prosser & W. Keeton, *Torts* § 26, at 156 (5th ed. 1984). Accordingly, we hold that RCW 46.61.024 punishes unreasonable conduct rather than constitutionally protected behavior.

Judgment affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court June 7, 1985.