[No. 17112-7-I.   Division One.   September 21, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. DEBORAH
TROWBRIDGE, *Appellant*.

*John Christiansen* of *Washington Appellate Defender Association*, for appellant.

*Seth R. Dawson, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

WEBSTER, J.—Deborah Lee Trowbridge appeals her con-

viction of attempting to elude a pursuing police vehicle, RCW 46.61.024. She contends that the trial court erred when it failed to apply the marking requirements of RCW 46.08.065 to RCW 46.61.024. We affirm.

## FACTS

On January 23, 1985, Everett Police Officers Miller and Flippo were rerouting traffic around an accident on Mukilteo Boulevard near Forest Park in Everett. Miller and Flippo were standing close to each other in front of their parked police cars. Both officers were in police uniform. Miller's police car was a fully marked vehicle: on both sides of the car appeared a blue stripe running down the length of the car and City of Everett Police Department logos. Flippo's police car was an unmarked compact police vehicle: it did not bear the Department logo or stripes.

The lighting systems on both cars were in operation while the officers directed traffic. Miller's marked car had alternating high beam and headlights as well as overhead rotating red and blue lights. Flippo's unmarked car had a small rotating blue light mounted on the dash and alternating red and blue lights mounted on both the grill and rear window deck.

Trowbridge's car emerged from one of the Forest Park exits and stopped at the stop sign where the exit intersects with Mukilteo Boulevard. Using hand signals and verbal commands, both Miller and Flippo instructed Trowbridge to proceed westbound on Mukilteo Boulevard. Miller testified that he made eye contact with Trowbridge three times. When it became apparent that Trowbridge was not complying with their directions, the officers, using hand signals and verbal commands, ordered her to stop.

Instead, Trowbridge accelerated and turned eastbound on Mukilteo Boulevard toward the accident scene. Flippo gave chase in his unmarked car with all lights and siren activated. During the pursuit Trowbridge exceeded the speed limit, forced cars off the road, proceeded down a one-way street in the wrong direction, and finally slid sideways

to a stop in the road. She was arrested and given her *Miranda*[1] rights.

Trowbridge made a statement that was stipulated to be admissible at trial. A copy of that statement was not made part of the record but has been cited in Trowbridge's brief. She admitted that she had seen the accident scene, that she knew it was a police officer who had motioned her to stop, and that she "made a mistake and took off."

At trial Trowbridge moved to dismiss because Flippo's car was not "appropriately marked" as required under RCW 46.61.024. The court denied the motion, concluding that the purpose of the appropriate marking requirement was only to ensure that notice of official capacity was given.

## DISCUSSION

Trowbridge contends that an unmarked car cannot be a "pursuing police vehicle" for purposes of RCW 46.61.024[2] (the eluding statute). Directing this court's attention to the "appropriately marked" language of the statute, Trowbridge argues that the eluding statute must be read in conjunction with RCW 46.08.065 (the marking statute).

■ We disagree. First, the eluding statute does not expressly incorporate the requirements of the marking statute. Second, the purpose of each statute is different: the eluding statute proscribes unreasonable conduct in resisting law enforcement activities, *State v. Mather*, 28 Wn. App. 700, 703, 626 P.2d 44 (1981); the marking statute is a gen-

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

[2] RCW 46.61.024 provides in part:

"Attempting to elude pursuing police vehicle—License revocation. Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be *appropriately marked* showing it to be an official police vehicle." (Italics ours.)

eral statute providing for the standardized marking of public vehicles.[3]

The present case is similar to *State v. Stayton,* 39 Wn. App. 46, 691 P.2d 596 (1984), *review denied,* 103 Wn.2d 1026 (1985), where the signal to stop was given by a uniformed officer in an appropriately marked car stationed by the side of the road. *Stayton,* at 47. The court held that the signal to stop need not be given by the officer while in a pursuing police vehicle. *Stayton,* at 50. Under *Stayton,* the "signal to stop" element of the eluding statute was met in Trowbridge's case. She was given both visual and audible signals to stop by two uniformed officers who were standing near their police vehicles. One of the vehicles was fully marked and both vehicles' lighting systems were activated.

The fact that Trowbridge was pursued by the unmarked vehicle is without legal significance. The eluding statute simply requires *knowledge* that the pursuing vehicle is a police vehicle. *Stayton,* at 49; *Mather,* at 702. Here, activation of the pursuing car's siren and lights indicated police pursuit. More importantly, Trowbridge does not claim that she was unaware that the pursuing vehicle was a police vehicle. Her statement to the police following her capture is to the contrary.

Affirmed.

RINGOLD, A.C.J., and WILLIAMS, J., concur.

---

[3]Even assuming that the marking statute does apply to the eluding statute, Flippo's unmarked car probably falls within the marking statute's exceptions and thus would not support Trowbridge's position. Section (1) exempts vehicles used for undercover work and gives local governmental agencies the authority to exempt local vehicles under section (5). Section (5) exempts police vehicles used for undercover or confidential investigative purposes.