842

[Nos. 75326-1; 75327-0.   En Banc.]
Argued February 8, 2005.     Decided March 31, 2005.

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL JOHN TANDECKI, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. NICHOLAS ANDRES PETTITT, *Petitioner*.

*Christopher Gibson* and *David B. Koch* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioners.

844

*Norm Maleng, Prosecuting Attorney,* and *Victoria J. Van Nocken, Erin E. Ehlert,* and *E. Bradford Bales, Deputies,* for respondent.

¶1 CHAMBERS, J — We must decide whether to stop "immediately" is part of the essential elements of the crime of attempting to elude a pursuing police vehicle under RCW 46.61.024. We conclude that it is. We must also decide whether the failure to use the word "immediately" in the charging documents is reversible error in these cases when raised for the first time on appeal. We conclude that it is not.

¶2 In each of the two cases before us, the information failed to allege that the defendants failed to stop immediately. In each case, the defendant raised the alleged defect in the charging document for the first time on appeal. Applying our liberal interpretation of the charging documents challenged on appeal, we conclude that each defendant was provided sufficient notice of the charges against him to prepare an adequate defense. Neither petitioner has shown he was prejudiced by any inartful language in the information. We therefore affirm the Court of Appeals and affirm the convictions.

## FACTS

¶3 TANDECKI. A police officer saw Daniel Tandecki driving faster than the speed limit, late at night and without his lights on. The officer activated his emergency lights. Instead of stopping, Tandecki accelerated and led the officer on a high speed chase. Tandecki did not stop until forced to when three of his tires were damaged by spike strips placed by another officer.

¶4 The State charged Tandecki with attempting to elude a police vehicle. At his bench trial, Tandecki's main defense was that the prosecution had not established that he drove in a wanton fashion. The trial judge disagreed and specifically found that the State had proved beyond a reasonable doubt that Tandecki "failed or refused to *immediately* bring the vehicle to a stop after being signaled to stop." Clerk's Papers (CP) (Tandecki) at 41 (emphasis added). Tandecki was convicted of attempting to elude and driving with a suspended license.

¶5 On appeal, Tandecki challenged the information for the first time on the grounds it did not allege he failed to immediately stop.[1] The court below concluded that immediately was not an element of the crime and affirmed. *State v. Tandecki*, 120 Wn. App. 303, 309, 84 P.3d 1262 (2004). We granted review, noted at 152 Wn.2d 1024 (2004).

¶6 PETTITT. Nicholas Pettitt and an accomplice stole a Chevrolet Blazer. An officer saw the stolen car at a gas station and approached it with his firearm drawn. As the officer reached the driver's window, the vehicle sped away. Officers gave chase but unfortunately were not able to stop the Blazer before it collided with another vehicle. Pettitt fled on foot but was arrested nearby. Before crashing the vehicle, Pettitt had crossed into oncoming traffic and had driven about 50 miles per hour on south Seattle surface streets with a posted speed limit of 35 miles per hour.

¶7 The State charged Pettitt with attempting to elude a police vehicle (among other things) and he was tried before a jury. Pettitt admitted he was in the car, but denied that he was the driver. The to-convict instruction largely mirrored the statute:

---

[1] Both informations alleged in relevant part that the defendant:

while driving a motor vehicle and having been given a visual and audible signal by a uniformed police officer to bring the vehicle to a stop, willfully failed and refused to stop and drove the vehicle in a wanton and willful disregard for the lives and property of others while attempting to elude a marked official pursuing police vehicle.

CP (Tandecki) at 8; *see also* CP (Pettitt) at 2.

To convict the defendant of attempting to elude a pursuing police vehicle . . . each of the following elements of the crime must be proved beyond a reasonable doubt:

. . . .

(2) That the defendant was signaled to stop by a uniformed police officer. . . .

. . . .

(4) That the defendant wilfully failed or refused to *immediately* bring the vehicle to a stop after being signaled to stop;

(5) That while attempting to elude a pursuing police vehicle, the defendant drove his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others.

CP (Pettitt) at 41 (emphasis added); *cf.* RCW 46.61.024. The jury found Pettitt guilty of all charges, and he was sentenced to a total of 33 months in prison. Like Tandecki, Pettitt challenged the information for the first time on appeal on the grounds it did not allege he failed to immediately stop. The Court of Appeals affirmed, and we granted review. *State v. Tandecki*, 152 Wn.2d 1024, 101 P.3d 109 (2004).

## ANALYSIS

■ ■ ¶8 Both defendants argue that the informations were fatally defective for not alleging they failed to immediately stop and thus failed to allege an essential element of RCW 46.61.024. To be constitutionally adequate, all essential elements of the crime must be included in the charging documents. *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). But charging documents do not need to mirror the language of the statute. *State v. Leach*, 113 Wn.2d 679, 686, 782 P.2d 552 (1989) (citing *State v. Knowlton*, 11 Wash. 512, 39 P. 966 (1895)).

¶9 As we have explained, "[t]he primary goal of the 'essential elements' rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against." *Kjorsvik*, 117 Wn.2d at 101 (citing Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 19.2, at

445 (1984)). Again, our goal is to ensure those accused by the State of crimes have a meaningful opportunity to defend against the accusation. Accordingly, "defendants are entitled to be fully informed of the nature of the accusations against them *so that they can prepare an adequate defense.*" *Kjorsvik*, 117 Wn.2d at 101 (citing *Leach*, 113 Wn.2d at 695).

¶10 The first question we must answer is whether "immediately" is part of the essential elements of the crime of attempting to elude a pursuing police vehicle. There may have been some uncertainty about this among the divisions of the Court of Appeals. *See State v. Hudson*, 85 Wn. App. 401, 403, 932 P.2d 714 (1997) (omitting immediately in a discussion of the elements); *State v. Stayton*, 39 Wn. App. 46, 48-50, 691 P.2d 596 (1984) (same). We begin by examining the statute. It says:

> Any driver of a motor vehicle who willfully fails or refuses to *immediately* bring his vehicle to a stop and who drives his vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony.

RCW 46.61.024(1) (emphasis added).

■ ¶11 We do not treat words in a statute as meaningless, even in those cases where the statute seems peculiar to us. *See Cox v. Helenius*, 103 Wn.2d 383, 387-88, 693 P.2d 683 (1985) ("We are required, when possible, to give effect to every word, clause and sentence of a statute. No part should be deemed inoperative or superfluous unless the result of obvious mistake or error.") (citations omitted); *see also State v. Azpitarte*, 140 Wn.2d 138, 141-42, 995 P.2d 31 (2000) (per curiam reversal of the Court of Appeals' conclusion that second degree assault can serve as a predicate assault for felony violation of a no-contact order based on clear and unambiguous statutory language establishing that any assault *other* than first or second degree assault can so serve).

■ ¶12 Based on the clear statutory language, we have previously held that in order to be guilty of attempting to elude, "[a] suspect must (1) willfully fail (2) to *immediately* bring his vehicle to a stop, (3) and drive in a manner indicating a wanton and willful disregard for the lives or property of others (4) while attempting to elude police after being signaled to stop by a uniformed officer." *State v. Sherman*, 98 Wn.2d 53, 57, 653 P.2d 612 (1982) (emphasis added). We find no reason to depart from our prior holding.

¶13 The Court of Appeals, however, found that immediately is not an element of this crime. The court below concluded that it was "self evident that the driver has not stopped when he eludes the officer." *Tandecki*, 120 Wn. App. at 309. It based its conclusion on a theory of the crime articulated in *Stayton*, 39 Wn. App. at 48-50. There, the court held that the elements were interlocking, each building on the one before it. *Stayton*, 39 Wn. App. at 47. Because of the way the elements were put together—immediately was largely rendered superfluous and in dicta—the court omitted the word immediately from its discussion of the elements. However, immediately appeared in the jury instruction approved by *Stayton,* and the case does not stand for the proposition that immediately is meaningless surplusage.

■ ¶14 While we find the Court of Appeals' analysis reasonable, we adhere to our previous holding that immediately is an element of the crime of attempting to elude a police vehicle. *Sherman*, 98 Wn.2d at 57. While it is sufficient that the legislature made immediately a part of this crime, we note that there may also be circumstances where immediately becomes critical to a defense. *See State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995) (legislative prerogative to define elements of crimes); *Leach*, 113 Wn.2d at 695 (information must be adequate to allow defendants to prepare a defense).

■■ ¶15 However, this does not end our inquiry. Both Tandecki and Pettitt raised their objections to the charging documents for the first time on appeal. When challenged for

the first time on appeal charging documents are liberally construed in favor of validity. We have adopted a two part test:

(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*Kjorsvik*, 117 Wn.2d at 105-06. As we explained there:

The first prong of the test—the liberal construction of the charging document's language—looks to the face of the charging document itself. The second or "prejudice" prong of the test, however, may look beyond the face of the charging document to determine if the accused actually received notice of the charges he or she must have been prepared to defend against. It is possible that other circumstances of the charging process can reasonably inform the defendant in a timely manner of the nature of the charges. This 2-prong standard of review strikes a balance: on the one hand it discourages the defense from postponing a challenge to the charge knowing the charging document is flawed; on the other hand, it insures that the State will have given fair notice of the charge to the defendant.

*Kjorsvik*, 117 Wn.2d at 106 (footnote omitted).

¶16 We must decide whether, when read liberally, these informations provided the necessary facts. *Kjorsvik*, 117 Wn.2d at 105-06. We substantially agree with the Court of Appeals that because the State alleged the defendants attempted to elude after failing to stop, it is sufficiently clear that the driver failed to immediately stop when signaled to do so. *Accord Tandecki*, 120 Wn. App. at 309. Accordingly, by fair construction, the essential element appeared in the charging document.

¶17 Still, the defendants can prevail if they can show that they were actually prejudiced by the failure to include immediately as an element of the crime. But these defendants did not attempt to show prejudice. Neither of these defendants argues that they immediately stopped as soon as it was safe to do so. In fact, neither defendant stopped

immediately, or at all, until his vehicle was disabled either by the police or by crashing into another vehicle. Neither of the defendants has shown they were prejudiced by the omission of immediately from the information or impaired in their ability to present a defense.

## CONCLUSION

¶18 We agree with the petitioners that the failure to stop immediately is an essential element of the crime of attempting to elude. However, we agree with the State that the allegation that the defendants failed to stop immediately is implicit in any fair construction of the information. Since the defendants have shown no cognizable prejudice from the "inartful language" of the information, we affirm the court below and affirm the convictions.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.