[No. 64149-2-I.   Division One.   March 14, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES C. FLORA, *Appellant*.

*James C. Flora*, pro se.

*Elaine L. Winters* (of *Washington Appellate Project*), for appellant.

*Richard A. Weyrich, Prosecuting Attorney*, and *Paul W.J. Nielsen* and *Erik Pedersen, Deputies*, for respondent.

¶1 BECKER, J. — The offense of attempting to elude a police officer requires proof that the defendant acted "willfully." This term must be defined in jury instructions upon request because it has a technical meaning in the context of the eluding statute. Without a definitional instruction, appellant James Flora lacked legal support for his legitimate theory that the vehicle he was accused of willfully eluding was not recognizable as a police vehicle. Because the error was not harmless, we reverse.

¶2 The only witness at trial was Officer Martin Radley of the Swinomish Police Department. He testified that on a

rainy night in December 2007, he was in a line of vehicles driving west on State Route 20. As they approached an intersection, the light turned red. One of the cars ahead of Officer Radley, a white Camaro, ended up in the right turn lane after making what the officer described as a "panic" stop. The officer pulled up behind the Camaro without activating his police lights. When the light turned green, the Camaro drove forward out of the turn lane, crossed the intersection, and stopped on the right shoulder. Officer Radley followed and stopped behind the Camaro. The driver got out and approached aggressively with fists clenched. Officer Radley, who was at least partially out of his car by this time, commanded that the driver get back in his car. The driver got back in the car and drove off quickly, at a speed estimated by the officer to be 70 miles per hour. The zone was marked for 55.

¶3 Officer Radley turned on his siren and emergency lights and pursued. Within a mile, the Camaro turned left through a red light and pulled into a parking lot. The driver ran off. Officer Radley, who decided to wait for the light to turn green, did not apprehend the driver at this time but was later able to identify him from a photograph as James Flora. This incident led to the conviction from which this appeal is taken.

## "WILLFULLY"

¶4 To commit the offense of attempting to elude, the driver must act "willfully":

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.

RCW 46.61.024(1).

¶5 Flora asked the court to give the jury a definition of "willfully" that would equate the term with "knowingly," based on RCW 9A.08.010(4). That statute provides:

A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears.

Flora requested the pattern instruction based on that statute: "A person acts willfully [as to a particular fact] when he or she acts knowingly [as to that fact]." 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.05, at 214 (3d ed. 2008) (WPIC) (alterations in original).

¶6 The pattern jury instruction for the offense of attempting to elude does not suggest any definition for "willfully." *See* 11A WPIC 94.02, at 332. For this reason, and also because the cases Flora cited predated a significant amendment to the statute in 2003, the trial court declined to give a definitional instruction.

¶7 "Parties are entitled to instructions that, when taken as a whole, properly instruct the jury on the applicable law, are not misleading, and allow each party the opportunity to argue their theory of the case." *State v. Redmond*, 150 Wn.2d 489, 493, 78 P.3d 1001 (2003). The State now concedes that the statutory reference to "willingly" does implicate knowledge and that the requested instruction was a correct statement of the law that should have been given.

¶8 We accept this concession. The term "willfully" has many meanings. In the context of the eluding statute, it is an element. The statute "requires that the defendant wilfully fail and refuse to stop his vehicle while attempting to elude a pursuing police vehicle. Willfulness in this context is identical with knowledge." *State v. Mather*, 28 Wn. App. 700, 702, 626 P.2d 44 (1981). Because the term has a particular meaning, it should be defined for the jury upon request by a party. *See State v. Allen*, 101 Wn.2d 355,

358-62, 678 P.2d 798 (1984). Without a definition, the jury is left to come up with its own understanding of a technical term for a culpable mental state. *Allen*, 101 Wn.2d at 362.

¶9 A trial court's failure to define a technical term may be harmless error. *In re Det. of Pouncy*, 168 Wn.2d 382, 391, 229 P.3d 678 (2010). "A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case." *State v. Britton*, 27 Wn.2d 336, 341, 178 P.2d 341 (1947).

¶10 The State contends the omission of a definition of "willfully" was harmless error. This contention is based upon a misunderstanding of the statute defining the offense of attempting to elude. As the State reads the statute, "willfully" pertains only to the requirement that the driver refuses to stop after being given a visual or audible signal. With this interpretation in mind, the State contends it needed to prove that Flora knew he was being signaled to stop, but not that he knew the pursuing vehicle was a police vehicle. Because it is undisputed that Officer Radley had his emergency lights and siren turned on for almost a mile while pursuing Flora, no reasonable jury could have found that Flora was unaware that he was being signaled to stop.

¶11 The first sentence of the statute is admittedly somewhat difficult to parse. Nevertheless, we have on several occasions interpreted it as requiring knowledge by the driver that there is "a pursuing police vehicle." *State v. Trowbridge*, 49 Wn. App. 360, 363, 742 P.2d 1254 (1987), citing *State v. Stayton*, 39 Wn. App. 46, 49, 691 P.2d 596 (1984); *see also Mather*, 28 Wn. App. at 702. As explicitly stated in *Stayton*, "we do agree with the *Mather* court's conclusion that one element of the statutory crime is *knowledge* that the pursuing vehicle is a police vehicle." *Stayton*, 39 Wn. App. at 49. The State contends, however, that as a result of an amendment in 2003, the defendant's knowledge that the pursuing vehicle is a police vehicle is no longer an "implicit element" that the State must prove and is instead now part of an affirmative defense.

¶12 The new affirmative defense places upon the defendant the burden of proving that a "reasonable person" would not believe the signal to stop was given by a police officer:

It is an affirmative defense to this section which must be established by a preponderance of the evidence that: (a) A reasonable person would not believe that the signal to stop was given by a police officer; and (b) driving after the signal to stop was reasonable under the circumstances.

RCW 46.61.024(2).

¶13 The State fails to explain how the availability of the affirmative defense eliminates the State's burden to prove the elements set forth in RCW 46.61.024(1). The 2003 amendment did not alter the elements of the offense in any way relevant to this appeal. The statute still requires, just as it did before 2003, that the defendant "willfully" fails to stop while attempting to elude a pursuing police vehicle. As explained in *Stayton*, there can be no attempt to elude unless there is the prerequisite knowledge that there is a pursuing police vehicle. *Stayton*, 39 Wn. App. at 49. In other words, the driver must not only know that he is being signaled to stop but must also know that the pursuing vehicle is a police vehicle.

¶14 There was evidence to support Flora's theory that he did not know the vehicle chasing him was a police vehicle. It was dark and rainy. The license plate was not a Washington plate. Photographs of the vehicle were admitted showing that the police markings on Officer Radley's car are only on the sides. And there was a female passenger in the car, a civilian who was participating in a ride-along program.

¶15 Flora argued that willful meant knowing: "And to go back to the instructions, the instructions talk about being willful and attempting to elude a pursuing police vehicle. . . . Mr. Flora has to know that there's an officer giving him a signal and know the officer is pursuing him." But he did not have an instruction defining "willfully" to support

his argument. "A jury should not have to obtain its instruction on the law from arguments of counsel." *State v. Aumick*, 126 Wn.2d 422, 431, 894 P.2d 1325 (1995). The absence of an instruction on "willfully" may have affected the verdict. Accordingly, we remand for a new trial in which the jury will be instructed on the definition of "willfully."

¶16 As an alternative route to reversal, Flora contends counsel was ineffective for failing to assert the statutory affirmative defense. Failure to request an instruction on a potential defense can constitute ineffective assistance of counsel. *In re Pers. Restraint of Hubert*, 138 Wn. App. 924, 929, 158 P.3d 1282 (2007). But if the defendant would not have received a proposed instruction, counsel's performance was not deficient. *State v. Powell*, 150 Wn. App. 139, 154, 206 P.3d 703 (2009). The defendant would likely not have received an instruction based on RCW 46.61.024(2) because there was insufficient evidence to prove it was reasonable under the circumstances for Flora to turn left across a red light while traveling at a high rate of speed. Flora does not address this prong of the affirmative defense and fails to argue that it was likely to succeed even if the jury had been instructed on it.

## MISSING WITNESS

¶17 The civilian who was riding along with Officer Radley was not called as a witness. Flora asked for a "missing witness" instruction. A missing witness instruction tells the jury that it may draw an inference that the testimony of the missing witness would have been unfavorable to the party in the case. *State v. Davis*, 73 Wn.2d 271, 276, 438 P.2d 185 (1968). Flora assigns error to the trial court's refusal to give the instruction. We review for abuse of discretion. *See State v. Montgomery*, 163 Wn.2d 577, 601, 183 P.3d 267 (2008).

¶18 One of the prerequisites for a missing witness instruction is that the witness is either within the control of the adverse party or is "peculiarly" available to that party.

*Montgomery*, 163 Wn.2d at 598-99. As the trial court determined, the witness did not fit this description. "If she was an undersheriff or employee, a party, law enforcement officer, something like that, that would be another matter. This is a civilian witness just like any other civilian witness not under the control of or peculiarly available to the State." We find no abuse of discretion.

## SIMILAR INCIDENT

¶19 The State initially charged Flora with two counts of attempting to elude a pursuing police vehicle. The court severed the two counts to avoid prejudice. The second count was based on a separate incident on January 16, 2009. Coincidentally, the second incident also involved Officer Radley. When Officer Radley apprehended Flora in this later incident, Flora asked him if he was the same officer, driving the same vehicle, who had chased him before.

¶20 At trial in the present matter, the court allowed Officer Radley to testify that Flora had asked him this question, over Flora's objection that the testimony was irrelevant and unfairly prejudicial. We review for abuse of discretion. *State v. Castellanos*, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997).

¶21 The evidence was undoubtedly relevant. If Flora recognized Officer Radley and his police car from the encounter on State Route 20 on December 27, 2007, it would tend to show that Flora knew he was being pursued by a police officer during that earlier encounter. The risk of any unfair prejudice was minimized because Officer Radley was not permitted to testify that the second encounter also led to a criminal charge or to give further details about it. In addition, the State stipulated to the fact that Flora had met with his attorney and reviewed the police reports before January 16, 2009. This allowed Flora to argue that when he asked Officer Radley on that date if he was the same officer who chased him before, it was as a result of looking at police

reports rather than remembering him from the incident in December 2007. We find no abuse of discretion.

¶22 In a pro se statement of additional grounds for review under RAP 10.10, Flora asks that Officer Radley's testimony be rejected as incredible. The credibility of Officer Radley's testimony was for the jury to decide, not this court. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). And we perceive no grounds for further review in Flora's allegation that defense counsel was ineffective in cross-examining Officer Radley.

¶23 Reversed.

ELLINGTON and SPEARMAN, JJ., concur.