FILED

Aug. 9, 2016

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33873-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE CHRISTOPHER BELLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Pennell, J. — Tyrone Christopher Belle appeals his conviction for attempting to

elude a police vehicle. He contends the evidence was insufficient to support the

conviction, and that a mandatory $100 deoxyribonucleic acid (DNA) collection fee

imposed by the sentencing court violates due process and equal protection principles. We

reject his sufficiency challenge, decline to address the DNA collection issues raised for the first time on appeal, and affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Mr. Belle by amended information with attempting to elude a police vehicle, including a special allegation that his eluding threatened harm or physical injury to one or more persons other than himself or the pursuing police officer. The State also charged him with misdemeanor violation of an ignition interlock requirement. The case proceeded to a jury trial.

Spokane Police Officer Seth Killian testified that in the early afternoon of March 11, 2015, he was in uniform and on patrol driving a fully marked vehicle in a residential neighborhood. He observed and heard a green Chevy "dually" extended cab pickup truck with loud exhaust "flying" around a corner with its tires squealing. Report of Proceedings at 122. Officer Killian was facing the truck as it came toward him on a narrow street with vehicles parked on both sides. He briefly flashed his overhead lights to signal the driver to slow down, but to no avail. The officer and another car in front of him pulled to the side of the street to avoid the truck, which nearly struck the patrol vehicle as it sped past at an estimated 50 m.p.h. in a 25 m.p.h. zone. Officer Killian was able to get a good look at the driver's face.

Officer Killian then activated his overhead lights and made a U-turn using part of the sidewalk due to the narrowness of the street. Meanwhile, he saw the eastbound truck

2

make a dangerous maneuver around a tight corner to go north. He accelerated to catch the truck and hit his siren and air horn several times to move people out of the way, but had to slow down at the corner for a man with his child on a bicycle. He then accelerated as fast as he could in pursuit of the truck with siren fully engaged and overhead lights still flashing, although he briefly turned off the siren to report the chase over the police radio. With the truck in sight, Officer Killian observed the driver look at him in the mirror and pull over to the side of the road in a slow roll. But instead of stopping, the driver spun the truck's tires, took off, and slid around the next corner. As this occurred, Officer Killian observed children present and was concerned they possibly could be crossing the street to a nearby park. He thus terminated the pursuit due to risk of injury to persons in the area.

Officer Killian was able to document the truck's license plate number. Dispatch relayed the name and address of the truck's registered owner—a woman who lived nearby—and Officer Killian contacted her. As a result of that contact, and with the aid of a Department of Licensing (DOL) photograph, Officer Killian identified Mr. Belle as the driver of the pickup. DOL records showed his license was suspended and that he was required to have an ignition interlock device in a vehicle before driving it. Officer Killian located the truck at the registered owner's mother's house and observed it did not contain such a device. The court read to the jury a stipulation that Mr. Belle was required to have

3

an ignition interlock device in a vehicle before driving it. Officer Killian positively identified Mr. Belle in court as the driver of the truck. Mr. Belle did not testify.

The jury found Mr. Belle guilty as charged and answered yes to the special endangerment allegation on the attempting to elude. The court imposed a 12 month-plus-1-day sentence on the eluding charge, and by separate judgment and sentence imposed a 364-day suspended sentence for the misdemeanor ignition interlock conviction. The court imposed only mandatory legal financial obligations (LFOs) including a $500 victim assessment, a $200 criminal filing fee, and a $100 DNA collection fee. Mr. Belle did not object in the trial court to any of the LFOs and did not raise any constitutional challenge to the DNA collection fee. He appeals.[1]

## ANALYSIS

### *Attempting to elude a police vehicle*

Mr. Belle contends the evidence was insufficient to support his conviction for attempting to elude a police vehicle. He argues the evidence did not establish that he drove recklessly to elude after he was knowingly signaled to stop.

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim

---

[1] Mr. Belle states that he appeals all portions of both judgments and sentences, but he makes no assignment of error or argument regarding the ignition interlock conviction. We therefore deem his appeal of that judgment and sentence abandoned.

4

of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).

RCW 46.61.024(1) defines the crime of attempting to elude a police vehicle:

Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.

Jury instruction 5 correctly recited the elements of RCW 46.61.024(1). Jury instruction 6 stated in pertinent part:

To convict the defendant of the crime of attempting to elude a police vehicle, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about March 11, 2015, the defendant drove a motor vehicle;
(2) That the defendant was signaled to stop by a uniformed police officer by hand, voice, emergency light or siren;
(3) That the signaling police officer's vehicle was equipped with lights and siren;
(4) That the defendant willfully failed or refused to immediately bring the vehicle to a stop after being signaled to stop;
(5) That while attempting to elude a pursuing police vehicle, the defendant drove his vehicle indicating a reckless manner; and
(6) That the acts occurred in the State of Washington.

. . . .

5

Clerk's Papers (CP) at 63. Jury instruction 7 defined "reckless" as follows:

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.
>
> When recklessness is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly as to that fact.

No. 7; CP at 64.[2] Jury instruction 8 stated: "A person acts willfully when he or she acts knowingly." CP at 65; *see State v. Flora*, 160 Wn. App. 549, 553, 249 P.3d 188 (2011) ("Willfulness" in the attempting to elude statute is identical to "knowledge.").

As Mr. Belle explains, Washington case law states that three elements must occur in sequence before the crime has been committed: (1) a uniformed officer in a vehicle equipped with lights and siren gives a signal to stop, (2) the driver willfully fails or refuses to stop immediately, and (3) the driver drives in a reckless manner. *See State v.*

---

[2] We note this is an incorrect instruction for use in attempting to elude cases. *See* 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 94.02, note on use at 198 (2014 supp.) (WPIC) (stating that WPIC 90.05 is to be used with WPIC 94.02, which is the "to convict" instruction for attempting to elude). WPIC 90.05 defines "reckless manner" as follows: "To operate a vehicle in a reckless manner means to drive in a rash or heedless manner, indifferent to the consequences." *See State v. Ratliff*, 140 Wn. App. 12, 15, 164 P.3d 516 (2007) (holding that a rash or heedless manner, indifferent to the consequences, is the correct definition of reckless manner). Here, the parties took no exception to jury instruction 7, and Mr. Belle makes no assignment of error or argument regarding the instruction. It is the law of the case and we analyze only whether there is "sufficient evidence to sustain the verdict under the instructions of the court." *State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998) (quoting *Schatz v. Heimbigner*, 82 Wash. 589, 590, 144 P. 901 (1914)); *see also State v. France*, 180 Wn.2d 809, 816, 329 P.3d 864 (2014) (same).

*Stayton*, 39 Wn. App. 46, 49, 691 P.2d 596 (1984) (interpreting former version of RCW 46.61.024(1)); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 94.02, cmt. at 199 (2014 supp.) (and cases cited therein). Jury instruction 6 comports with these principles. But Mr. Belle contends the State failed to present sufficient evidence both that the three elements occurred and that they occurred in the required sequence. More specifically, he argues there was insufficient evidence that he "willfully failed to stop and only thereafter drove recklessly to elude Officer Killian." Br. of App. at 7. The arguments fail.

The evidence shows Officer Killian was in uniform and driving a patrol vehicle equipped with lights and a siren. He initially flashed his lights at the truck only to alert the driver of police presence and to slow down. But once the truck passed by on the narrow street at 50 m.p.h. and nearly struck the patrol car, the officer made the U-turn and engaged his overhead lights in pursuit of the vehicle as it made a dangerous maneuver around a tight corner. The officer hit his air horn and siren a few times to warn people to get out of the way and then fully activated the siren along with the overhead lights once he rounded that corner. He accelerated as fast as he could to catch up with the truck. He observed the driver look at him in the mirror and pull to the side of the road in a slow roll. Although the officer deactivated the siren for a short time to make a radio call, the patrol car's overhead lights were all-the-while engaged. Instead of immediately stopping on this signal the driver spun the tires, sped off, and slid around the next

7

corner—in the presence of children. The officer then terminated the pursuit due to risk of injury to persons in the area.

From this evidence, the jury could find that the driver, Mr. Belle, knew he was being pursued by an officer and was signaled to stop—at least by the time he looked at the officer in his mirror and brought the pickup to a slow roll. This knowledge, and willful refusal to stop immediately, can be readily inferred by his manner of flight from the encounter—conduct the jury could deem unreasonable and in disregard of substantial risk and therefore reckless as defined in jury instruction 7. The officer's decision to then terminate the pursuit due to the danger is of no moment because the crime was already complete. The State thus proved that the elements of attempting to elude occurred and in the required sequence.

A rational trier of fact could find each element of attempting to elude a police vehicle beyond a reasonable doubt based on the testimony. RCW 46.61.024(1); *State v. Salinas*, 119 Wn.2d at 201.

*DNA collection fee*

Mr. Belle contends the $100 DNA collection fee mandated by RCW 43.43.7541 violates substantive due process and equal protection. Identical arguments have been rejected by this court previously. *State v. Lewis*, No. 72637-4-I, 2016 WL 3570550 (Wash. Ct. App. June 27, 2016); *State v. Johnson*, No. 32834-1-III, 2016 WL 3124893

8

No. 33873-8-III
*State v. Belle*

(Wash. Ct. App. June 2, 2016); *State v. Mathers*, 193 Wn. App. 913, ___ P.3d ___

(2016). We reject them here as well.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____   _____
Lawrence-Berrey, A.C.J.           Korsmo, J.

9