116 P.3d 450 (2005)
STATE of Washington, Respondent,
v.
Lawrence Richard HUNT, Appellant.
No. 23111-9-III.
Court of Appeals of Washington, Division 3, Panel Ten.
July 26, 2005.
*451 Carol A. Elewski, Attorney at Law, East Olympia, WA, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, Attorneys at Law, Spokane, WA, for Respondent.
BROWN, J.
¶ 1 Lawrence R. Hunt was found guilty of taking a motor vehicle without permission. On appeal, Mr. Hunt contends: (1) the court erred in giving WPIC 4.01A to the jury, because the instruction's definition of reasonable doubt violates due process; and (2) his sentence violates the Sixth Amendment under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the fact of community placement was not found by a jury beyond a reasonable doubt. We affirm.

FACTS
¶ 2 Lawrence R. Hunt was charged with taking a motor vehicle without permission. At trial, the State presented evidence that Mr. Hunt had taken Bruce Young's pickup without his permission after meeting him in a Spokane bar and going back to his house to drink alcohol. Conversely, Mr. Hunt testified Mr. Young had given him permission to borrow the truck to get back into town and, when he tried to return it, he could not remember where Mr. Young lived.
¶ 3 Mr. Hunt objected to the State's proposed reasonable doubt instruction as argumentative, and he proposed earlier versions of the Washington Pattern Jury Instruction for reasonable doubt as alternatives. However, the court instructed the jury, as follows:
A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. Proof beyond a reasonable doubt is proof that leaves you *452 firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If based on your consideration of the evidence you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.
Report of Proceedings (RP) at 151; see also Washington Pattern Jury Instructions: Criminal 4.01A (2d ed. 1994) (WPIC). The court also gave standard instructions informing the jury that the "State ... has the burden of proving each element of the crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists," and the "defendant is presumed innocent." RP at 150.
¶ 4 Mr. Hunt was found guilty. At sentencing, Mr. Hunt acknowledged he was on community supervision at the time of the offense, but he argued that this should not increase his offender score. The court found that Mr. Hunt had an offender score of six, which included one point for being on community supervision or placement at the time he committed the current crime. Mr. Hunt was sentenced to 12 months and one day, within the standard range.

ANALYSIS

A. Reasonable Doubt Instruction
¶ 5 The issue is whether the court erred in giving WPIC 4.01A, defining reasonable doubt for the jury.
¶ 6 We review challenged jury instructions de novo. State v. Woods, 143 Wash.2d 561, 590, 23 P.3d 1046 (2001). On review, "[t]he effect of a particular phrase in an instruction is determined by considering the instruction as a whole, and reading it in the context of all the instructions given." State v. Castle, 86 Wash.App. 48, 52, 935 P.2d 656 (1997) (citations omitted).
¶ 7 "In a criminal case, the jury must be instructed that the State has the burden to prove each essential element of the crime beyond a reasonable doubt. It is reversible error if the instructions relieve the State of that burden." Id. at 51, 935 P.2d 656 (citing State v. Pirtle, 127 Wash.2d 628, 656, 904 P.2d 245 (1995)). The jury's instructions must define reasonable doubt. State v. Coe, 101 Wash.2d 772, 787, 684 P.2d 668 (1984). However, no specific wording is required, and various forms of reasonable doubt instructions have been approved, so long as "allocation of the burden of proof' is clearly communicated. Id.
¶ 8 Here, Mr. Hunt's challenge initially focuses on the phrase, "firmly convinced of the defendant's guilt," which he contends lowered the burden of proof in violation of due process. He contends the phrase "firmly convinced" does not convey the level of certainty required to establish guilt under In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (finding the reasonable doubt standard ensures defendants a finding of guilt with the "utmost certainty"). However, the Winship decision does not compel the use of any specific language to instruct jurors on reasonable doubt. Instead, the court merely found that requiring courts to instruct on reasonable doubt ensures a desired level of certitude regarding the facts at issue. See id.
¶ 9 Mr. Hunt relies heavily on State v. Perez, 90 Hawai`i 113, 976 P.2d 427 (Haw. App.1998) (rev'd in part on other grounds, 90 Hawai`i 65, 976 P.2d 379 (1999)), which reversed a conviction on the basis of the language contained in the current instruction. The Perez court strongly disapproved of the use of "firmly convinced," in the instruction. Id. at 129, 976 P.2d 427. However, the court was concerned the language might be confused with the language from the Hawaii Standard Civil Jury Instructions, which define the lesser standard of clear and convincing evidence as that "which ... produces a firm belief about the truth of the allegations which the parties have presented." Id. at 128, 976 P.2d 427 (emphasis added). Washington's Pattern Jury Instruction for clear, cogent, and convincing *453 evidence does not contain this potentially confusing language. See WPIC 160.02. Therefore, although Mr. Hunt contends this language might confuse jurors, the Perez court's specific concerns with the "firmly convinced' language have questionable application in Washington.
¶ 10 Mr. Hunt next contends the phrase "real possibility" shifted the burden of proof because it implies the defendant must demonstrate a real possibility of innocence to justify acquittal. Again, Mr. Hunt relies heavily on Perez:
The use of the words "real possibility," in our view, conflicts with the admonition to the jury that the nature of the doubt with which the jurors must be concerned is one which is "reasonable." Moreover, advising the jury its verdict of "not guilty" rests on whether it "think[s]" there is a "real possibility" the defendant is not guilty invites the jury to abandon the presumption of innocence.
Perez, 90 Hawai`i at 127, 976 P.2d 427. However, the instruction does not suggest Mr. Hunt must be the source of the "real possibility" of innocence. Here, the court instructed the jury on the presumption of innocence and the government's burden of proof. Thus, the jury did not assume Mr. Hunt was required to demonstrate a "real possibility" of his own innocence. Further, the "real possibility" language serves to distinguish a "genuine possibility" from an "imaginary or conjectural one." Castle, 86 Wash.App. at 58, 935 P.2d 656.
¶ 11 Division One of this court has approved a nearly identical jury instruction for reasonable doubt, noting that courts considering this instruction have "uniformly" upheld it. Castle, 86 Wash.App. at 57-58, 935 P.2d 656; see also Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (Ginsberg, J., concurring) (Justice Ginsberg's concurrence characterizing the language from this instruction as "clear, straightforward, and accurate"); United States v. Williams, 20 F.3d 125, 132 (5th Cir.1994); United States v. Taylor, 997 F.2d 1551 (D.C.Cir.1993); United States v. Barrera-Gonzales, 952 F.2d 1269, 1273 (10th Cir. 1992); United States v. Velasquez, 980 F.2d 1275, 1278-79 (9th Cir.1992); United States v. Hall, 854 F.2d 1036, 1038-39 (7th Cir. 1988); United States v. Porter, 821 F.2d 968, 973 (4th Cir.1987); United States v. Hunt, 794 F.2d 1095, 1100 n. 4 (5th Cir.1986); United States v. Gibson, 726 F.2d 869, 874 (1st Cir.1984).
¶ 12 When taken as a whole, WPIC 4.01A accurately informs the jurors that the prosecution must prove its case by more than a mere preponderance of the evidence, but need not necessarily prove its case by an absolute certainty. See Victor, 511 U.S. at 27, 114 S.Ct. 1239 (Ginsberg, J., concurring) ([T]he "firmly convinced" language is "enhanced by the ... prescription that the jury must acquit if there is a `real possibility' that the defendant is innocent.") And, the instruction clearly allocates the burden of proof as required. See Coe, 101 Wash.2d at 787, 684 P.2d 668. The overwhelming majority of courts have upheld the language from this jury instruction, and Mr. Hunt has not demonstrated a compelling reason for this court to depart from this line of cases. Accordingly, we conclude the trial court did not err in using WPIC 4.01A.

B. Offender Score
¶ 13 The issue is whether Mr. Hunt's offender score determination violates the Sixth Amendment jury requirements under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
¶ 14 A jury must determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive maximum set by the legislature. Id. at 2536 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The court defined "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537 (emphasis in original).
*454 ¶ 15 Mr. Hunt contends the court's community placement finding increased his offender score by one point, violating Blakely principles. However, Blakely does not impact Washington's offender scoring system. Judicial fact-finding is permitted when establishing recommended standard range sentences. See RCW 9.94A.525; see also RCW 9.94A.530 (the offender score and offender seriousness level determine the standard sentencing range).
¶ 16 We decline to follow the reasoning of Division One in State v. Jones, 126 Wash. App. 136, 107 P.3d 755 (2005) (finding the fact of community placement must be found by a jury under Blakely). The Blakely court specifically noted its decision did not implicate earlier decisions upholding judicial fact-finding to establish mandatory sentences. See Blakely, 124 S.Ct. at 2538 (citing McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)).
¶ 17 At sentencing, Mr. Hunt stipulated he was on community supervision at the time of the offense but denied he was on community placement. Either finding increases an offender score by one point. See State v. Reed, 116 Wash.App. 418, 423-24, 66 P.3d 646, review denied, 150 Wash.2d 1013, 79 P.3d 447 (2003). Therefore, the evidence sufficiently supports the court's finding that Mr. Hunt was on community placement or supervision at the time of the offense and the resulting increase in his offender score. See RCW 9.94A.530(2) (in determining any sentence other than a sentence above the standard range, the trial court may rely on information that is admitted or acknowledged at the time of sentencing or proven at an evidentiary hearing by a preponderance of the evidence).
¶ 18 Because the fact of community placement arises out of a prior conviction, constitutional considerations under Blakely do not require that matter to be found by a jury beyond a reasonable doubt. See Blakely, 124 S.Ct. at 2536. The trial court's function in calculating an offender score is directed to determining a standard range sentence, not an exceptional sentence. Here, for example, community supervision or community placement merely adds one point to Mr. Hunt's offender score, fixing his standard range sentence. Therefore, the court in our context is sentencing within the statutory maximum sentence of the standard range, as recognized by our Supreme Court in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005).
¶ 19 Moreover, in passing, we acknowledge Justice Thomas has raised some concerns about the continuing validity of the fact of a "prior conviction" exception to Blakely. See Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005) (Thomas J., concurring). However, like the court in Jones, we decline to rely on mere speculation about the Blakely holding.
¶ 20 In sum, Blakely principles were not offended by the sentencing court's consideration of Mr. Hunt's supervision status.
¶ 21 Affirmed.
I CONCUR: KATO, C.J.
KURTZ, J. (dissenting).
¶ 22 I would affirm Lawrence R. Hunt's conviction for the reasons stated in the majority opinion. I would reverse his sentence and remand for resentencing for the reasons stated in State v. Jones, 126 Wash.App. 136, 107 P.3d 755 (2005).