738

[No. 33027-0-II.   Division Two.   May 2, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. MATTHEW L. GILES, *Appellant*.

*Patricia A. Pethick*, for appellant.

*Gary P. Burleson, Prosecuting Attorney*, and *Monty D. Cobb, Deputy*, for respondent.

¶1 HUNT, J. — Matthew L. Giles appeals his concurrent standard range sentences for methamphetamine possession and first degree unlawful firearm possession. He argues that the trial court improperly increased his sentencing ranges based on a judicial finding that he was subject to community placement when he committed the crimes.

¶2 We hold that, consistent with Division Three's decision in *State v. Hunt*, 128 Wn. App. 535, 541-43, 116 P.3d 450 (2005), the trial court did not violate Giles's right to a jury trial when it added a point to his offender score because of his community placement status.[1] Accordingly, we affirm Giles's sentences.

## FACTS

¶3 Although Giles waived his right to a jury trial on the underlying charges, he did not specifically waive a jury determination of factual findings for sentencing purposes. At that bench trial, the trial court considered a certified copy of Giles's 1996 Mason County judgment and sentence for the crimes of first degree kidnapping and second degree assault. This 1996 judgment included imposition of a term of community placement.

¶4 At sentencing, Giles's counsel agreed that the trial court should add one point to Giles's offender score because Giles was still serving his term of community placement when he committed the current crimes. Still sitting without

---

[1] In so holding, we respectfully depart from the recent decision of two of our colleagues in *State v. Hochhalter*, 131 Wn. App. 506, 518-24, 128 P.3d 104 (2006).

a jury, the trial court (1) checked the box on the judgment and sentence indicating that Giles had "committed a current offense while on community placement"; (2) added one point to Giles's offender score for committing the current crimes while serving a term of community placement; and (3) calculated Giles's offender score as "4," with standard sentencing ranges of 36 to 48 months for the firearm conviction and 6 months and one day to 18 months for the drug conviction.[2] Clerk's Papers at 8-9. The trial court imposed concurrent sentences of 42 months and 18 months, respectively.

¶5 Giles appeals his sentences.

## ANALYSIS

¶6 Giles argues that the trial court improperly increased his standard sentencing ranges based on a judicial finding that he was subject to community placement at the time he committed the current crimes.[3] He contends that (1) the trial court violated his Sixth Amendment right to jury trial by determining that he was serving a term of community placement at the time of the current crimes, without submitting this factual issue to a jury as required by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); and (2) this improper judicial finding increased his offender score, which unconstitutionally increased his standard sentencing ranges, contrary to *Blakely*, *State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005), and *State v Jones*, 126 Wn. App. 136, 107 P.3d 755, *review granted*, 155 Wn.2d 1017 (2005). Departing from our colleagues' holding in *State v. Hochhalter*, 131 Wn. App. 506, 518-24, 128 P.3d 104 (2006), we reject these arguments.

---

[2] Without the community placement point, Giles's offender score would have been "3," with a standard sentencing range of 31 to 41 months for the firearm conviction and the same range for the drug conviction as with an offender score of "4." *See* RCW 9.94A.510, .515, .517, .518, .525(7), .589(1)(a).

[3] Giles also raises a claim of ineffective assistance of counsel based on his lawyer's failure to raise this issue at sentencing, indicating that he does so only to allow him to raise the issue if we refuse to reach the merits for that reason. Since we do reach the merits under RAP 2.5(a)(3), we reject the claim of ineffective assistance.

¶7 Standard sentence ranges are based on the seriousness level of the current offense and on the defendant's offender score. RCW 9.94A.505(2)(a)(i), .510, .517, .520. The sentencing court must determine the defendant's offender score based on RCW 9.94A.525 rules, which provide, in pertinent part, that the court must add a point to the score "[i]f the present conviction is for an offense committed while the offender was under community placement." RCW 9.94A.525(17).

¶8 We recently addressed this issue in *Hochhalter*, 131 Wn. App. at 518-24, in which two members of our court applied *Blakely* and adopted Division One's opinion in *Jones*.[4] The *Hochhalter* majority held that (1) a defendant has a Sixth Amendment right to have a jury determine whether he was on community placement at the time of the current offense and (2) absent such a jury finding or a defendant's knowing, voluntary, and intelligent waiver of this right, the trial court cannot use community placement status to add a point to the defendant's offender score.[5] *Hochhalter*, 131 Wn. App. at 522-24.

¶9 We respectfully disagree with our learned colleagues in *Hochhalter* and diverge from their holding here. Instead, we follow Division Three's rationale in *Hunt*, 128 Wn. App. at 541-43, and adopt its holding that (1) *Blakely* "does not impact Washington's offender scoring system"; (2) "[j]udicial fact-finding is permitted when establishing recommended standard range sentences," 128 Wn. App. at 541; and (3) *Blakely*'s Sixth Amendment jury-trial right is implicated only when the trial court finds facts to impose an exceptional sentence higher than the standard range sen-

---

[4] The third panel member dissented on other grounds.

[5] We note that when the trial court sentenced Giles, it had no directive on this issue from either the appellate courts, which are currently split, or from the Supreme Court, in which this issue is now pending on review of Division One's decision in *Jones*, following February 7, 2006, oral argument. Division One's opinion in *Jones* was the basis, in part, for our colleagues' majority decision in *Hochhalter*.

Because a majority of the court at Division Two disagrees with *Hochhalter*, we have decided to file our *Giles* opinion now in order to provide guidance to Division Two trial courts pending the Supreme Court's decision in *Jones*.

tence. *See Hunt,* 128 Wn. App. at 541-42. The trial court merely determined Giles's standard sentencing range and did not impose an exceptional sentence, so its actions do not implicate *Blakely*.

¶10 As Division Three recognized in *Hunt, Blakely's* Sixth Amendment jury-trial right does not entitle a defendant to a jury determination of his prior conviction history. *Hunt,* 128 Wn. App. at 542. And "[b]ecause the fact of community placement arises out of a prior conviction, constitutional considerations under *Blakely* do not require that matter to be found by a jury beyond a reasonable doubt." *Hunt,* 128 Wn. App. at 542. Here, as in *Hunt,*

> [t]he issue is whether [the defendant's] offender score determination violates the Sixth Amendment jury requirements under *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).
>
> A jury must determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence *above the presumptive maximum* set by the legislature. *Id.* at 301 (" 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000))). The Court defined "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely,* 542 U.S. at 303.

*Hunt,* 128 Wn. App. at 541 (first emphasis added). We disagree with *Hochhalter* that reference to a slightly higher standard sentencing range by virtue of a higher offender score lifts the sentence out of the category of " 'the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' Blakely,* 542 U.S. at 303." *Hunt,* 128 Wn. App. at 541.

¶11 Here, as in *Hunt*, Giles

contends the court's community placement finding increased his offender score by one point, violating *Blakely* principles. However, *Blakely* does not impact Washington's offender scoring system. Judicial fact-finding is permitted when establishing recommended standard range sentences. *See* RCW 9.94A.525; *see also* RCW 9.94A.530 (the offender score and offender seriousness level determine the standard sentencing range).

We decline to follow the reasoning of Division One in *State v. Jones*, 126 Wn. App. 136, 107 P.3d 755 (2005) (finding the fact of community placement must be found by a jury under *Blakely*). The *Blakely* Court specifically noted its decision did not implicate earlier decisions upholding judicial fact-finding to establish mandatory sentences. *See Blakely*, 542 U.S. at 304-05 (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986)).

. . . .

Because the fact of community placement arises out of a prior conviction, constitutional considerations under *Blakely* do not require that matter to be found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at 301. The trial court's function in calculating an offender score is directed to determining a standard range sentence, not an exceptional sentence. Here, for example, community supervision or community placement merely adds one point to [the defendant's] offender score, fixing his standard range sentence. Therefore, the court in our context is sentencing within the statutory maximum sentence of the standard range, as recognized by our Supreme Court in *State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005).

*Hunt*, 128 Wn. App. at 541-42.

¶12 Here, the trial court did not exceed the standard ranges in sentencing Giles; on the contrary, it imposed concurrent standard range sentences.[6] Thus, *Blakely* nei-

---

[6] We further note that even under the rationale in *Hochhalter*, Giles's sentence on the drug count would not violate the Sixth Amendment under *Blakely*. Even after the trial court added a fourth point to Giles's offender score, his sentencing range remained the same for this count as if it had been based on an offender score

ther required submission of this factual issue to a jury nor applied to the trial court's determination of Giles's standard range sentencing. *See Hunt*, 128 Wn. App. at 542.

¶13 We hold that (1) whether a defendant was on community placement for another crime when he committed the crime for which he is being sentenced is not an aggravating factor increasing the defendant's sentence beyond the standard sentencing range for the current crime; (2) therefore, the additional offender point based on Giles's community placement status does not implicate *Blakely* or require a factual determination by a jury; and (3) Giles's standard range sentence did not violate any *Blakely* principles. *See Hunt*, 128 Wn. App. at 542.

¶14 Accordingly, we depart from our colleagues' published opinion in *Hochhalter*, adopt Division Three's opinion in *Hunt*, and affirm Giles's sentence.

¶15 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER and PENOYAR, JJ., concur.

---

of "3"; thus, the additional point did not increase his sentence beyond the maximum permissible under the applicable statute:

> A three-step analysis will disclose whether *Blakely*'s holding impacts a given sentence. The first step is to identify the sentence that the trial judge actually imposed. The second step is to ascertain the maximum sentence that the trial judge could have imposed based solely on the jury's findings and any scorable prior convictions (the maximum permissible sentence). The third step is to compare the results of the first two. If the actual sentence exceeds the maximum permissible sentence, it violates the Sixth Amendment. *If the actual sentence equals or is less than the maximum permissible sentence, it does not violate the Sixth Amendment.*

*Hochhalter*, 131 Wn. App. at 519 (emphasis added).

Here, with an offender score of "4," Giles's standard sentencing range for his drug conviction was 6 months and one day to 18 months. Without the fourth community placement point, Giles's offender score of "3" would have yielded the same standard sentencing range, 6 months and one day to 18 months. *See* RCW 9.94A.517, .518. The trial court sentenced Giles on the drug conviction to 18 months, the top of the standard range, regardless of whether his offender score was "3" or "4." Thus, even under *Hochhalter*, that sentence did not violate the Sixth Amendment.