132 P.3d 1151 (2006)
STATE of Washington, Respondent,
v.
Matthew L. GILES, Appellant.
No. 33027-0-II.
Court of Appeals of Washington, Division Two.
May 2, 2006.
Patricia Anne Pethick, Attorney at Law, Tacoma, WA, for Appellant.
Monty Dale Cobb, Mason County Prosecutors Office, Shelton, WA, for Respondent.

PUBLISHED IN PART OPINION
HUNT, J.
¶ 1 Matthew L. Giles appeals his concurrent standard range sentences for methamphetamine and first degree unlawful firearm possession. He argues that the trial court improperly increased his sentencing ranges based on a judicial finding that he was subject to community placement when he committed the crimes.
¶ 2 We hold that consistent with Division Three's decision in State v. Hunt, 128 Wash. App. 535, 541-43, 116 P.3d 450 (2005), the trial court did not violate Giles's right to a jury trial when it added a point to his offender score because of his community placement status.[1] Accordingly, we affirm Giles's sentences.

FACTS
¶ 3 Although Giles waived his right to a jury trial on the underlying charges, he did not specifically waive a jury determination of factual findings for sentencing purposes. At that bench trial, the trial court considered a certified copy of Giles's 1996 Mason County judgment and sentence for the crimes of first degree kidnapping and second degree assault. This 1996 judgment included imposition of a term of community placement.
¶ 4 At sentencing, Giles's counsel agreed that the trial court should add one point to Giles's offender score because Giles was still serving his term of community placement when he committed the current crimes. Still sitting without a jury, the trial court (1) checked the box on the judgment and sentence *1152 indicating that Giles had "committed a current offense while on community placement"; (2) added one point to Giles's offender score for committing the current crimes while serving a term of community placement; and (3) calculated Giles's offender score as "4," with standard sentencing ranges of 36 to 48 months for the firearm conviction and six months and one day to 18 months for the drug conviction.[2] Clerk's Papers (CP) at 8-9. The trial court imposed concurrent sentences of 42 months and 18 months, respectively.
Giles appeals his sentences.

ANALYSIS
¶ 5 Giles argues that the trial court improperly increased his standard sentencing ranges based on a judicial finding that he was subject to community placement at the time he committed the current crimes.[3] He contends that (1) the trial court violated his Sixth Amendment right to jury trial by determining that he was serving a term of community placement at the time of the current crimes, without submitting this factual issue to a jury as required by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (2) this improper judicial finding increased his offender score, which unconstitutionally increased his standard sentencing ranges, contrary to Blakely, State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), and State v. Jones, 126 Wash.App. 136, 107 P.3d 755, review granted, No. 76900-1, 155 Wash.2d 1017, 124 P.3d 659 (Wash. Nov. 2, 2005). Departing from our colleagues' holding in State v. Hochhalter, 131 Wash.App. 506, 518-24, 128 P.3d 104 (2006), we reject these arguments.
¶ 6 Standard sentence ranges are based on the seriousness level of the current offense and on the defendant's offender score. RCW 9.94A.505(2)(a)(i), .510, .517, .520. The sentencing court must determine the defendant's offender score based on RCW 9.94A.525 rules, which provide, in pertinent part, that the court must add a point to the score "[i]f the present conviction is for an offense committed while the offender was under community placement." RCW 9.94A.525(17).
¶ 7 We recently addressed this issue in Hochhalter, 131 Wash.App. at 518-24, 128 P.3d 104, in which two members of our court applied Blakely and adopted Division One's opinion in Jones.[4] The Hochhalter majority held that (1) a defendant has a Sixth Amendment right to have a jury determine whether he was on community placement at the time of the current offense; and (2) absent such a jury finding or a defendant's knowing, voluntary, and intelligent waiver of this right, the trial court cannot use community placement status to add a point to the defendant's offender score.[5]Hochhalter, 131 Wash.App. at 522-24, 128 P.3d 104.
¶ 8 We respectfully disagree with our learned colleagues in Hochhalter and diverge from their holding here. Instead, we follow Division Three's rationale in Hunt, 128 Wash.App. at 541-43, 116 P.3d 450, and adopt its holding that (1) Blakely "does not impact Washington's offender scoring system"; (2) "[j]udicial fact-finding is permitted *1153 when establishing recommended standard range sentences," 128 Wash.App. at 541, 116 P.3d 450; and (3) Blakely's Sixth Amendment jury-trial right is implicated only when the trial court finds facts to impose an exceptional sentence higher than the standard range sentence. See Hunt, 128 Wash.App. at 541-42, 116 P.3d 450. The trial court merely determined Giles's standard sentencing range and did not impose an exceptional sentence, so its actions do not implicate Blakely.
¶ 9 As Division Three recognized in Hunt, Blakely's Sixth Amendment jury-trial right does not entitle a defendant to a jury determination of his prior conviction history. Hunt, 128 Wash.App. at 542, 116 P.3d 450. And "[b]ecause the fact of community placement arises out of a prior conviction, constitutional considerations under Blakely do not require that matter to be found by a jury beyond a reasonable doubt." Hunt, 128 Wash.App. at 542, 116 P.3d 450. Here, as in Hunt,
[t]he issue is whether [the defendant's] offender score determination violates the Sixth Amendment jury requirements under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
A jury must determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive maximum set by the legislature. Id. at 2536 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000))). The court defined "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537.
Hunt, 128 Wash.App. at 541, 116 P.3d 450 (first emphasis added). We disagree with Hochhalter that reference to a slightly higher standard sentencing range by virtue of a higher offender score lifts the sentence out of the category of "`the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' Blakely, 124 S.Ct. at 2537." Hunt, 128 Wash.App. at 541, 116 P.3d 450.
¶ 10 Here, as in Hunt, Giles
contends the court's community placement finding increased his offender score by one point, violating Blakely principles. However, Blakely does not impact Washington's offender scoring system. Judicial fact-finding is permitted when establishing recommended standard range sentences. See RCW 9.94A.525; see also RCW 9.94A.530 (the offender score and offender seriousness level determine the standard sentencing range).
We decline to follow the reasoning of Division One in State v. Jones, 126 Wash. App. 136, 107 P.3d 755 (2005) (finding the fact of community placement must be found by a jury under Blakely). The Blakely court specifically noted its decision did not implicate earlier decisions upholding judicial fact-finding to establish mandatory sentences. See Blakely, 124 S.Ct. at 2538 (citing McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)).
. . . .
Because the fact of community placement arises out of a prior conviction, constitutional considerations under Blakely do not require that matter to be found by a jury beyond a reasonable doubt. See Blakely, 124 S.Ct. at 2536. The trial court's function in calculating an offender score is directed to determining a standard range sentence, not an exceptional sentence. Here, for example, community supervision or community placement merely adds one point to [the defendant's] offender score, fixing his standard range sentence. Therefore, the court in our context is sentencing within the statutory maximum sentence of the standard range, as recognized by our Supreme Court in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005).
Hunt, 128 Wash.App. at 541-42, 116 P.3d 450.
*1154 ¶ 11 Here, the trial court did not exceed the standard ranges in sentencing Giles; on the contrary, it imposed concurrent standard-range sentences.[6] Thus, Blakely neither required submission of this factual issue to a jury nor applied to the trial court's determination of Giles's standard-range sentencing. See Hunt, 128 Wash.App. at 542, 116 P.3d 450.
¶ 12 We hold that (1) whether a defendant was on community placement for another crime when he committed the crime for which he is being sentenced is not an aggravating factor increasing the defendant's sentence beyond the standard sentencing range for the current crime; (2) therefore, the additional offender point based on Giles's community placement status does not implicate Blakely or require a factual determination by a jury; and (3) Giles's standard-range sentence did not violate any Blakely principles. See Hunt, 128 Wash.App. at 542, 116 P.3d 450.
¶ 13 Accordingly, we depart from our colleagues' published opinion in Hochhalter, adopt Division Three's opinion in Hunt, and affirm Giles's sentence.
¶ 14 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: BRIDGEWATER, P.J., and PENOYAR, J.
NOTES
[1] In so holding, we respectfully depart from the recent decision of two of our colleagues in State v. Hochhalter, 131 Wash.App. 506, 518-24, 128 P.3d 104 (2006).
[2] Without the community placement point, Giles's offender score would have been "3," with a standard sentencing range of 31 to 41 months for the firearm conviction and the same range for the drug conviction as with an offender score of "4." See RCW 9.94A.510, .515, .517, .518,.525(7), .589(1)(a).
[3] Giles also raises a claim of ineffective assistance based on his lawyer's failure to raise this issue at sentencing, indicating that he does so only to allow him to raise the issue if we refuse to reach the merits for that reason. Since we do reach the merits under RAP 2.5(a)(3), we reject the claim of ineffective assistance.
[4] The third panel member dissented on other grounds.
[5] We note that when the trial court sentenced Giles, it had no directive on this issue from either the appellate courts, which are currently split, or from the Supreme Court, in which this issue is now pending on review of Division One's decision in Jones, following February 7, 2006 oral arguments. Division One's opinion in Jones was the basis, in part, for our colleagues' majority decision in Hochhalter.

Because a majority of the court at Division Two disagrees with Hochhalter, we have decided to file our Giles opinion now in order to provide guidance to Division Two trial courts pending the Supreme Court's decision in Jones.
[6] We further note that even under the rationale in Hochhalter, Giles's sentence on the drug count would not violate the Sixth Amendment under Blakely. Even after the trial court added a fourth point to Giles's offender score, his sentencing range remained the same for this count as if it had been based on an offender score of three; thus, the additional point did not increase his sentence beyond the maximum permissible under the applicable statute:

A three-step analysis will disclose whether Blakely's holding impacts a given sentence. The first step is to identify the sentence that the trial judge actually imposed. The second step is to ascertain the maximum sentence that the trial judge could have imposed based solely on the jury's findings and any scorable prior convictions (the maximum permissible sentence). The third step is to compare the results of the first two. If the actual sentence exceeds the maximum permissible sentence, it violates the Sixth Amendment. If the actual sentence equals or is less than the maximum permissible sentence, it does not violate the Sixth Amendment.
Hochhalter, 131 Wash.App. at 519, 128 P.3d 104 (emphasis added).
Here, with an offender score of "4," Giles's standard sentencing range for his drug conviction was six months and one day to 18 months. Without the fourth, community-placement point, Giles's offender score of "3" would have yielded the same standard sentencing range, six months and one day to 18 months. See RCW 9.94A.517,.518. The trial court sentenced Giles on the drug conviction to 18 months, the top of the standard range, regardless of whether his offender score was "3" or "4." Thus, even under Hochhalter, that sentence did not violate the Sixth Amendment.