136 P.3d 792 (2006)
STATE of Washington, Respondent,
v.
Demetrius Tre WILLIAMS, Appellant.
No. 55405-1-I.
Court of Appeals of Washington, Division 1.
June 19, 2006.
*793 Nancy P. Collins, Washington Appellate Project, Seattle, WA, for Appellant.
Constance Mary Crawley, Prosecutors Office, Snohomish County Courthouse, Everett, WA, for Respondent.

PUBLISHED IN PART
AGID, J.
¶ 1 A jury convicted Demetrius Williams of bail jumping based on the underlying charge of Possession of a Controlled Substance. In this appeal, he asks us to hold that the penalty classification of either the bail jumping charge or the underlying charge is an essential element of bail jumping that must be included in the information charging the crime and the instruction telling the jury what it must find to convict the defendant. But the penalty classification is relevant only to the sentence to be imposed on conviction, a topic the jury is not even permitted to consider in its deliberations.[1] It is not an element of the crime, so there was no infirmity in the information or the "to convict" instruction here. We affirm.

FACTS
¶ 2 On April 11, 2003, the State charged Demetrius Williams with one count of felony Possession of a Controlled Substance (cocaine) in violation of RCW 69.50.401(d). On October 3, 2003, the parties agreed to continue the trial until January 9, 2004. At the continuance hearing, Williams signed a two page agreed trial continuance form that included the new trial date and the date for an omnibus hearing to be held on December 4, 2003. The court released him on his own recognizance. He failed to appear for the December 4 omnibus hearing, and the court issued a bench warrant for his arrest. He was later apprehended.
¶ 3 On April 13, 2004, Williams filed a motion to suppress the evidence and dismiss the possession charge. On April 23, the State filed an amended information adding one count of bail jumping based on Williams' failure to appear at the December 4 omnibus hearing. On May 18, 2004, the trial court granted Williams' motion to suppress and dismissed the possession charge. The State then filed a second amended information charging only bail jumping. A jury convicted Williams on that charge, and the trial court sentenced him to 43 months in prison, the low end of the standard range for Class C felony bail jumping.

DISCUSSION

I. Essential Elements of Bail Jumping

¶ 4 Williams argues for the first time on appeal that the information failed to adequately notify him of the essential elements of bail jumping. He contends the penalty class of bail jumping is an essential element of that crime, and the information must therefore identify either the class of the underlying crime on which he jumped bail or the class of bail jumping charged. Williams may raise this argument for the first time on appeal because a challenge to the sufficiency of a charging document is of constitutional magnitude.[2] We review the sufficiency of a charging document de novo.[3] However, because he raised his objection for the first time on appeal, we liberally construe the *794 information in favor of validity.[4]
¶ 5 As a threshold matter, we note that the cases and analysis used to rule on the sufficiency of an information only apply if it omits an essential element of the crime. Because we hold the class of either crime is not an element of bail jumping, this line of cases is not relevant to the real issue presented. We will, however, discuss the sufficiency analysis because the parties briefed it that way.
¶ 6 The State must inform the defendant of the nature and cause of the accusation against him.[5] The information "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."[6] The "essential elements" rule requires that a charging document adequately identify the crime charged and allege facts supporting every element of the offense.[7] Essential elements are those necessary to establish "`the very illegality'" of the crime itself.[8] The objective is to provide the accused with a meaningful opportunity to prepare an adequate defense.[9]
¶ 7 RCW 9A.76.170 provides:
(1) Any person having been released by court order or admitted to bail with knowledge of the requirements of a subsequent personal appearance before any court of this state, or the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.
. . .
(3) Bail jumping is:
(a) A class A felony if the person was held for, charged with, or convicted of murder in the first degree;
(b) A class B felony if the person was held for, charged with, or convicted of a class A felony other than murder in the first degree;
(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;
(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor.[10]
Here, both the amended information and the second amended information contained identical bail jumping language:

BAIL JUMPING, committed as follows: That the defendant, on or about the 4th day of December, 2003, being charged with Possession of a Controlled Substance, a felony, and having been released by court order with the requirement of a subsequent personal appearance before Snohomish County Superior Court, a court of the State of Washington, for Omnibus Hearing on December 4, 2003, and knowing of the requirement of the subsequent personal appearance, did fail to appear as required, proscribed by RCW 9A.76.170(1), a felony.
We reaffirm our recent holding that the penalty classification is not an essential element of bail jumping.[11] Thus, the information charging Williams with bail jumping was adequate.
¶ 8 In State v. Gonzalez-Lopez,[12] the information alleged that Gonzalez-Lopez, "being charged with Attempted Child Molestation in the First Degree, a felony, . . . did fail to appear as required, proscribed by RCW 9A.76.170(1), a felony."[13] Gonzalez-Lopez argued the information was inadequate because it failed to allege either the class of the underlying felony or the class of the bail *795 jumping charge. To determine whether the penalty class of bail jumping is an essential element of the crime of bail jumping, we applied the Supreme Court's analysis in State v. Miller.[14] We examined the express language of the bail jumping statute and held that RCW 9A.76.170(1) defines all the essential elements of the crime necessary for the jury to determine guilt, and it does not include or even reference the penalty classes of bail jumping set forth in section (3). Further, we noted that nothing in the statute or case law indicates the penalty class of bail jumping is an implied essential element.[15]
¶ 9 Gonzalez-Lopez relied on, as Williams does here, State v. Ibsen, a decision reversing a bail jumping conviction because the information failed to reference the underlying offense.[16] We held that Ibsen was inconsistent with Miller and otherwise unpersuasive because it ignored the plain language of the bail jumping statute. We noted, "While the penalties for bail jumping are divided into classes, the crime itself is not."[17] We held that the information was sufficient under either a strict or liberal reading.
¶ 10 Williams makes the same argument as Gonzalez-Lopez, and it fails for the same reason. The jury need not know of or consider the penalty class of bail jumping, so the defendant need not prepare to defend against the State's allegation about the penalty for bail jumping. As such, it is not an essential element of that crime, and the information need not include it. The information in this case includes all the essential elements of bail jumping as defined in section (1) of the statute.
¶ 11 Williams also argues, as Gonzalez-Lopez did, that the "to convict" instruction was inadequate because it failed to specify the class of the underlying crime.[18] We review challenges to jury instructions de novo.[19] Jury instructions that omit essential elements of the crime violate due process because they relieve the State of its burden to prove every essential element beyond a reasonable doubt.[20] As with the information, the class of the underlying crime merely establishes the penalty that may be imposed following a bail jumping conviction. As we held in Gonzalez-Lopez, there is no authority for the proposition that a jury may decide this sentencing question.[21] In fact, jurors are prohibited from considering punishment in their deliberations.[22] That information is superfluous, and the "to convict" instruction should not include the class of either crime.
¶ 12 Williams further argues the sentencing court violated Apprendi v. New Jersey[23] and Blakely v. Washington[24] by relying on a fact not found by the jury, namely that the underlying charge was a class B or C felony. Apprendi held that any fact, other than the fact of a prior conviction, that increases punishment beyond the statutory maximum must be proved to a jury beyond a reasonable doubt.[25]Blakely interpreted *796 "statutory maximum" to mean the high end of the relevant standard range, or the maximum sentence the judge could impose based on the facts as found by the jury.[26]
¶ 13 The "to convict" instruction for bail jumping stated in part, "To convict [Williams] of the crime of bail jumping as charged in Count I," the State must prove beyond a reasonable doubt that he "was charged with Possession of a Controlled Substance." Because the jury convicted Williams, it necessarily found he was charged with that crime. Bail jumping is a class C felony if the person was charged with a class B or class C felony, and the trial court sentenced Williams accordingly. RCW 9A.76.170(3)(c). There is no Apprendi problem because, as we stated in Gonzalez-Lopez, "specification of the underlying offense for the bail-jumping charge was . . . constitutionally sufficient to provide an essential element in the to convict instruction."[27] The classification for sentencing purposes of both the underlying offense and the bail jumping charge is a question of law for the judge to be determined by reference to the statutes classifying each crime. Nothing in Apprendi requires that the jury make the classification determination.

II. Juvenile Convictions in Offender Score Calculation

¶ 14 Finally, Williams argues that the trial court erred by considering his juvenile convictions in calculating his offender score. He contends that because a juvenile has no right to a jury trial, juvenile convictions do not fall under the "prior conviction" exception in Apprendi and Blakely. We recently resolved this issue adverse to Williams' position.[28] In State v. Weber, we agreed with the Eighth Circuit (and disagreed with the Ninth Circuit) in holding that juvenile adjudications that include constitutionally required safeguards fall within the "prior conviction" exception.[29]
¶ 15 Williams contends, as did Weber, the prior conviction exception has been eroded, and even if it remains valid, it does not extend to juvenile convictions.[30] He cites the Oregon Supreme Court's recent holding in State v. Harris[31] rejecting the Eighth Circuit's analysis. The Washington Supreme Court recently granted review in Weber, and it will determine whether Washington follows the Eighth Circuit or the Ninth Circuit. Until it says otherwise, we will adhere to our holding in Weber. The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. See RCW 2.06.040; CAR 14.
WE CONCUR: SCHINDLER, A.C.J., and BAKER, J.
NOTES
[1] The Legislature classifies felonies as A, B or C depending on their seriousness. The maximum penalty that may be imposed upon conviction is determined by the class of felony committed. RCW 9A.20.021(1).
[2] State v. Campbell, 125 Wash.2d 797, 800, 888 P.2d 1185 (1995).
[3] Id. at 801, 888 P.2d 1185.
[4] State v. Tandecki, 153 Wash.2d 842, 848-49, 109 P.3d 398 (2005).
[5] U.S. CONST. amend. VI; WASHINGTON CONST. art. I, § 22 (amend.10).
[6] CrR 2.1(a)(1).
[7] State v. Leach, 113 Wash.2d 679, 689, 782 P.2d 552 (1989).
[8] State v. Ward, 148 Wash.2d 803, 811, 64 P.3d 640 (2003) (quoting State v. Johnson, 119 Wash.2d 143, 147, 829 P.2d 1078 (1992)).
[9] Tandecki, 153 Wash.2d at 846, 109 P.3d 398 (citing State v. Kjorsvik, 117 Wash.2d 93, 101, 812 P.2d 86 (1991)).
[10] RCW 9A.76.170(1), (3).
[11] State v. Gonzalez-Lopez, 132 Wash.App.2d 622, 132 P.3d 1128 (2006).
[12] 132 Wash.App.2d 627, 132 P.3d 1128 (2006)
[13] Id. at 627, 132 P.3d 1128.
[14] 156 Wash.2d 23, 27, 123 P.3d 827 (2005).
[15] Gonzalez-Lopez, 132 Wash.App.2d at 629, 132 P.3d 1128.
[16] 98 Wash.App. 214, 217, 989 P.2d 1184 (1999).
[17] Gonzalez-Lopez, 132 Wash.App.2d at 629, 132 P.3d 1128.
[18] A "to convict" instruction must contain all elements of the charged crime because the instruction dictates how the jury measures the evidence to determine guilt or innocence. State v. Smith, 131 Wash.2d 258, 263, 930 P.2d 917 (1997) (citing State v. Emmanuel, 42 Wash.2d 799, 819-20, 259 P.2d 845 (1953)).
[19] State v. Hunt, 128 Wash.App. 535, 538, 116 P.3d 450 (2005) (citing State v. Woods, 143 Wash.2d 561, 590, 23 P.3d 1046, cert. denied, 534 U.S. 964, 122 S.Ct. 374, 151 L.Ed.2d 285 (2001)).
[20] State v. Smith, 131 Wash.2d 258, 265, 930 P.2d 917 (1997).
[21] Gonzalez-Lopez at 637, 132 P.3d 1128.
[22] WPIC 1.02 ("You have nothing whatever to do with any punishment that may be imposed in case of a violation of the law. The fact that punishment may follow conviction cannot be considered by you except insofar as it may tend to make you careful.").
[23] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[24] 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[25] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
[26] Blakely, 542 U.S. at 303, 124 S.Ct. 2531.
[27] Gonzalez-Lopez at 629, 132 P.3d 1128.
[28] See State v. Weber, 127 Wash.App. 879, 112 P.3d 1287 (2005), review granted, 156 Wash.2d 1010, 132 P.3d 147 (2006).
[29] Id. at 892, 112 P.3d 1287 (citing United States v. Smalley, 294 F.3d 1030 (8th Cir.2002), cert. denied, 537 U.S. 1114, 123 S.Ct. 870, 154 L.Ed.2d 790 (2003)); but see United States v. Tighe, 266 F.3d 1187 (9th Cir.2001).
[30] See Weber, 127 Wash.App. at 889, 112 P.3d 1287.
[31] 339 Or. 157, 118 P.3d 236 (2005).