FILED
COURT OF APPEALS
DIVISION II

2013 MAR 19 AM 8:44

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43372-9-II |
| Respondent, | |
| v. | |
| JAMES MICHAEL MILLER, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — James Miller appeals his conviction for attempting to elude a pursuing police vehicle, arguing that the State did not present sufficient evidence that he knew he was being pursued by a police vehicle. We affirm.[1]

At about 11:15 PM on July 1, 2011, Morton Police Officer Doug Osterdahl was driving westbound on Highway 12. He was in full uniform and was driving a fully-marked patrol vehicle equipped with lights and sirens. He heard, but could not see, a motorcycle. A motorcycle, without a headlight, then passed him, forcing him to turn onto the gravel shoulder of the highway. Osterdahl activated his emergency lights and sirens and began pursuit. He measured the motorcycle's speed by radar at 84 MPH. When he activated the lights and sirens, the motorcycle rider changed his seat from sitting upright to crouching forward over the gas tank

---

[1] A commissioner of this court initially considered Miller's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

in order to gain speed. Osterdahl saw the motorcycle make two unsafe passes of other vehicles before losing sight of the motorcycle. He had pursued the motorcycle for one and a half to two miles.

Officer Osterdahl received a report of a motorcycle having pulled into a driveway off of Highway 12. He found the motorcycle that he had pursued behind a duplex on that property. Its engine was still hot to the touch. A resident of the duplex reported hearing something skidding down the driveway and then seeing Miller enter a travel trailer on the property. Osterdahl and a responding officer knocked on the door of the trailer. A woman in the trailer denied them admittance. After the officers told her that they were obtaining a search warrant, Miller came out of the trailer. Osterdahl informed Miller that he was under arrest for attempting to elude a pursuing police vehicle. Miller replied, "I was not riding any f***ing motorcycle." 1 Report of Proceedings at 43.

The State charged Miller with attempting to elude a pursuing police vehicle. Officer Osterdahl testified as described above. Miller testified that he has constant ringing in his ears as a result of working with chainsaws. He testified that he was riding to visit his girlfriend at her grandparents' home after learning that he was not the biological father of his daughter. He said he could only hear the motorcycle exhaust and the ringing in his ears. He denied having heard Osterdahl's sirens. He also said he never turned his head backwards because of the speed at which he was riding. He admitted driving recklessly but denied knowing that Osterdahl was pursuing him. Finally, he said he delayed exiting the trailer because there was an outstanding warrant for his failure to pay child support. The jury found Miller guilty as charged.

For a jury to convict a driver of attempting to elude a pursing police vehicle, the State must prove beyond a reasonable doubt that (1) the police officer was in uniform, (2) the pursuing

2

police vehicle was equipped with lights and sirens, (3) the pursuing police vehicle gave a visual or audible signal for the driver to stop, (4) the driver willfully fails to immediately come to a stop, and (5) the driver drives in a reckless manner. RCW 46.61.024(1); *State v. Tandecki*, 120 Wn. App. 303, 308-09, 84 P.3d 1262 (2004), *aff'd*, 153 Wn.2d 842, 109 P.3d 398 (2005); *State v. Stayton*, 39 Wn. App. 46, 49, 691 P.2d 596 (1984), *review denied*, 103 Wn.2d 1026 (1985). Miller argues that the State did not present sufficient evidence that he willfully failed to come to a stop because it did not prove that he knew he was being pursued by a police vehicle. *State v. Flora*, 160 Wn. App. 549, 555, 249 P.3d 188 (2011).

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

Despite his denial of knowing that he was being pursued and, thus, his denial of willfully failing to stop, the willfulness of a defendant's conduct may be inferred by the jury "where it is plainly indicated as a matter of logical probability." *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). The State presented evidence that Miller passed Officer Osterdahl in an unsafe manner and that immediately after Osterdahl activated his emergency lights and sirens, Miller changed his seat to be able to increase his speed. The logical inference from that behavior is that Miller knew that Osterdahl was beginning to pursue him. *Flora* is inapplicable because it addresses the driver's knowledge that he was being pursued by a police vehicle, as opposed to a private vehicle, not the driver's knowledge that he was being pursued. 160 Wn. App. at 555. Miller does not claim that he did not know that the vehicle pursuing him was a police vehicle.

3

No. 43372-9-II

The State presented sufficient evidence that Miller knew he was being pursued by a police vehicle, equipped with lights and sirens driven by a uniformed police officer, and willfully attempted to elude it by driving in a reckless manner after having been given visual and audible signals to bring his vehicle to a stop.

We affirm Miller's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

WORSWICK, C.J.

JOHANSON, J.