2015 APR 27 AM 10: 07


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

HUD ANTHONY BERLIN,

Appellant.

No. 71546-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 27, 2015

LEACH, J. — Hud Berlin appeals his conviction for attempting to elude a pursuing police vehicle, claiming prosecutorial misconduct and ineffective assistance of counsel. Although the prosecutor omitted the knowledge element when summarizing the State's proof obligation at the end of closing argument, she directly addressed this element at the beginning of her closing argument. And the trial court's instructions clearly and correctly state each element the jury must find to convict Berlin. Thus, Berlin cannot show the prosecutor's behavior was so flagrant and ill intentioned that a timely objection and appropriate instruction could not cure any prejudice. Because knowledge is a key element of the charged crime, Berlin's trial counsel should have objected. But because Berlin cannot show actual prejudice, his ineffective assistance of counsel claim fails. We affirm the trial court's judgment.

## Background

On November 28, 2012, Snohomish County Deputy Sheriff Dixon Poole saw a silver Hyundai Accent pull out of a residential driveway and drive in the opposite direction on State Route 92. Poole did not see the driver at that time but recognized the car as one associated with Hud Berlin, who had an outstanding warrant for his arrest. Poole, in uniform, turned his marked patrol car around to pursue the Hyundai. Though it was quite a bit ahead of Poole, he followed the car into the lot at Lochsloy Store. Poole saw the Hyundai sitting unoccupied at a gas pump outside the store. He parked out of view and waited for backup. Deputy Jason Tift radioed information that the car had returned to the residence but then left again and was heading back in Poole's direction, so Poole continued to wait at Lochsloy Store. Poole saw the car heading up the highway and slow down near the store. Poole testified that at this point he recognized Berlin behind the wheel. Poole pulled behind the Hyundai, followed it for several turns, and then activated his lights and siren. The driver did not slow down.

Deputy Jason Tift joined in his car, activating his lights and siren. Police chased the car at high speed, with cars and trucks pulling over to the side of the road in both directions. Lake Stevens Police Commander Dennis Taylor activated his lights and siren, joined the chase, and stayed with the Hyundai throughout the remainder of the chase.

The Hyundai took a fast turn and drove into a ditch. Taylor pulled up to the driver's door and recognized Berlin, whom he knew from prior contacts, in the driver's seat. The driver escaped through the passenger door, and police unsuccessfully chased him. Tift recognized Berlin during the foot chase when Berlin turned to look back at him from 15 yards away, but Tift soon lost sight of him.

The State charged Berlin with one count of attempting to elude a pursuing police vehicle with the aggravated circumstance of threatening physical harm or injury to one or more persons besides himself and the pursuing officers.

At trial, Tift testified to locating the Lochsloy Store surveillance video that showed Berlin in the store around the time of the incident. The State played the video for the jury and in closing argument argued that it showed a person exiting the driver's seat of the Hyundai, showed Berlin in the store, and then showed Berlin entering the driver's seat of the vehicle just after he was in the store, all between 3:30 p.m. and 3:36 p.m. Berlin denied driving the vehicle that day, admitted to being in Lochsloy Store, but denied being the person who exited the driver's seat of the car in the video. He claimed the car belonged to his girlfriend and that she was in the driver's seat at the store. She testified that while she had driven Berlin to the store in the Hyundai that day, it had been stolen from the residence before the car chase.

A jury convicted Berlin as charged, and the trial court sentenced him to 26 months and 1 day of confinement as well as $600 in legal financial obligations.

Analysis

Berlin argues that the State denied him a fair trial when the prosecutor omitted the knowledge element of the charged crime when summarizing the evidence required to convict. He argues that this constituted prosecutorial misconduct, requiring reversal.

To prove prosecutorial misconduct, Berlin must show "'that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'"[1] Because Berlin failed to object to the prosecutor's challenged remarks, he waived this error unless the misconduct was so flagrant and ill intentioned that a trial court instruction could not have cured the prejudice.[2] To do this, Berlin must show that a curative instruction would not have changed the prejudicial effect the comment had on a jury and that the prejudice had a substantial likelihood of affecting the jury's verdict.[3]

A prosecutor serves an important role both to enforce the law and to serve as a representative of the people, including defendants, while seeking justice.[4] Thus, prosecutors owe a duty to defendants to ensure their constitutional right to a fair trial is upheld.[5] Where a prosecutor commits grave misconduct, such as resorting to racist argument or appealing to racial stereotypes, the prosecutor

---

[1] State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal quotation marks omitted) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)).

[2] State v. Emery, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012).

[3] Emery, 174 Wn.2d at 761 (quoting Thorgerson, 172 Wn.2d at 455).

[4] State v. Monday, 171 Wn.2d 667, 676, 257 P.3d 551 (2011).

[5] Monday, 171 Wn.2d at 676.

violates a defendant's right to an impartial jury.[6] When a prosecutor misstates

the law of a case to a jury, it has "the grave potential to mislead the jury."[7]

Here, at the end of closing argument, the prosecutor omitted the

knowledge element of the charged crime when summarizing the elements. The

statute for attempting to elude a pursuing police vehicle states in relevant part:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.[8]

But, omitting the element of knowledge, the prosecutor said,

> If you find that the defendant was the driver, that the police were in police uniforms, that they were driving marked patrol cars, that their patrol cars had lights and sirens that were activated, and they were signaling the defendant to stop, and he didn't, then you must—and you believe all that beyond a reasonable doubt—not just that you believe it, but the State has presented to you evidence to prove it beyond a reasonable doubt—then you'll return a verdict of guilty.

We look to see if this omission was so flagrant and ill intentioned that an

instruction could not have cured any prejudicial effect on the jury. A remarkable

misstatement of the law to the jury constitutes reversible error.[9] And courts have

"on several occasions" interpreted the statute "as requiring knowledge by the

---

[6] Monday, 171 Wn.2d at 676.
[7] State v. Davenport, 100 Wn.2d 757, 763, 675 P.2d 1213 (1984).
[8] RCW 46.61.024(1).
[9] State v. Warren, 165 Wn.2d 17, 28, 195 P.3d 940 (2008).

driver" of a pursuing police vehicle.[10] Berlin argues that the prosecutor's omission was ill intentioned because it ignores this commonly known case law making clear that knowledge is an element of the charged crime. He further argues that the prosecutor lightened the State's burden and diverted the jury's attention away from its duty to decide the case on the evidence.

But we look at a prosecutor's comments in the context of the entire argument, the issues in the case, the evidence, and the instructions.[11] Here, the prosecutor opened her argument by correctly outlining each element of the crime stated in the jury instructions, including the requirement "[t]hat the defendant willfully failed or refused to immediately bring the vehicle to a stop." She then elaborated on this requirement, saying to the jury, "You've certainly heard testimony about this silver Hyundai and who was chasing it and where it went." The prosecutor does not appear to intentionally exclude the knowledge element of the crime as Berlin suggests. Because the prosecutor identified this element earlier in her argument, her subsequent omission of it appears to be a mistake rather than purposeful behavior. We conclude that the prosecutor's omission, while an incorrect statement of the law, did not constitute flagrant or ill-intentioned behavior.

And where Berlin failed to object and an instruction could have cured any prejudice, we will not find misconduct. The trial court's instructions 5 and 6 to the

---

[10] State v. Flora, 160 Wn. App. 549, 554, 249 P.3d 188 (2011); see also State v. Mather, 28 Wn. App. 700, 702, 626 P.2d 44 (1981).
[11] State v. Warren, 165 Wn.2d at 28.

jury each included the criminal intent element, stating that a defendant must willfully fail or refuse to bring his or her vehicle to a stop and that the jury must find that Berlin willfully did so. Berlin fails to show why a curative instruction referring the jury to these two instructions outlining each element of the crime would have failed to cure any prejudice.

Because Berlin cannot show that the prosecutor's conduct was so flagrant and ill intentioned that a jury instruction could not cure any prejudice, we conclude that his prosecutorial misconduct argument fails.

Berlin also argues that even if the prosecutor's misstatement did not amount to misconduct, this court should reverse Berlin's conviction because his own counsel's failure to object denied him effective assistance of counsel.

The constitutional right to a fair trial includes the right to effective assistance of counsel.[12] To prove ineffective assistance of counsel, Berlin must show that his counsel deficiently performed and that this deficient performance prejudiced Berlin.[13] Courts employ a strong presumption that counsel reasonably performed and that "under the circumstances, the challenged action 'might be considered sound trial strategy.'"[14] And "'[o]nly in egregious circumstances, on

---

[12] State v. Boyd, 160 Wn.2d 424, 434, 158 P.3d 54 (2007).
[13] State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).
[14] Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

testimony central to the State's case, will the failure to object constitute incompetence of counsel justifying reversal.'"[15]

Counsel's performance is deficient if it falls below an objective standard of reasonableness.[16] Berlin argues that his counsel's failure to object fell below this standard. Defense counsel should be aware of the law and timely object to a prosecutor who crosses the line.[17] The State argues that defense counsel's failure to object was a tactical and strategic decision within the boundaries of reasonable performance. But because the statute and cases establish that the crime of evading a police officer includes a knowledge element,[18] Berlin's trial counsel should have been aware of the law's requirement and objected to the prosecutor's omission of this element.

However, because the trial court's instructions included the requirement that Berlin have willful intent for the jury to convict him, Berlin cannot show prejudice. Thus, Berlin cannot show that his trial counsel's failure to object prejudiced him.

## Conclusion

Because Berlin cannot show that the prosecutor's argument constituted flagrant and ill-intentioned behavior or that an instruction could not cure any prejudice, his prosecutorial misconduct claim fails. Because Berlin fails to show

---

[15] State v. Neidigh, 78 Wn. App. 71, 77, 895 P.2d 423 (1995) (quoting State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989)).

[16] State v. Brousseau, 172 Wn.2d 331, 352, 259 P.3d 209 (2011).

[17] Neidigh, 78 Wn. App. at 79.

[18] RCW 46.61.024; Flora, 160 Wn. App. at 554; Mather, 28 Wn. App. at 702.

prejudice from his trial counsel's failure to object to this argument, his ineffective assistance of counsel claim also fails.  We affirm.

Leach, J.

WE CONCUR:

Appelwick, J.

Cox, J.